## SCHURCH et, Trustees, Etc v HARRAMAN et

Ohio Appeals, 3rd Dist, Union Co

No 140.   Decided Sept 28, 1933

Porter & Porter, Marysville, for plaintiffs in error.

James H. Eymon, Marion, for defendants in error.

## OPINION

By GUERNSEY, J.

It will be noted that the only condition relating to the use of the premises, differing from an ordinary form of deed, is contained in the habendum clause, and that the granting clause runs to the **grantees, their heirs and assigns forever;** and that the habendum clause, except for the provision "so long as said lot is held and used for church purposes," runs to the **grantees and their successors;** both clauses, except for said provision, being in the ordinary form of a conveyance of an estate in fee simple.

The basis of the decision of the Supreme Court in this case is that the clause "so long as said lot is held and used for church purposes" appearing in, the habendum clause, is a covenant of use unaccompanied by a stipulation for reversion, and that such covenant does not have the effect of restricting the fee simple estate granted in the deed.

It will be noted that in the case at bar, there are no words of inheritance or succession and no words of perpetuity in the granting clause, and that there are no words of inheritance or succession and no words of perpetuity in the habendum clause; and that the covenant of warranty runs only to the trustees of Grace Evangelical Lutheran Church and not to their heirs, successors and assigns, and that the limitation as to the use of the real estate is contained in the granting clause as well as in the habendum clause, thus differing from the deed in the case in 120 Oh St at page 309.

Prior to the adoption of §8510-1 GC, effective 1925, it was the rule in Ohio that the word "heirs" or other appropriate word of perpetuity were required to pass the fee simple to realty. And as this is a rule of property, the deed in the instant case will have to be construed in accordance with this rule, which was in effect when the deed was made, rather than the provision of the General Code above referred to.

There are a number of exceptions to this rule, one to the effect that words of perpetuity were not necessary for a conveyance in fee simple to a corporation aggregate, and another to the effect that where a deed is made to trustees without words of perpetuity, that the title taken by the trustees under such deed is commensurate with the trust. This exception is set forth in the syllabus in the case of Young v Bradley et, 101 U. S. 782 to 785, which is as follows:

"1. Whatever the language by which the trust estate is vested in the trustee, its nature and duration are governed by the requirements of the trust.

"2. The language used in creating the estate will be limited and restrained to the purposes of its creation, and when they are satisfied, the estate of the trustee ceases to exist and his title becomes extinct."

It is also referred to in sub-division 16 of the syllabus of **Williams et v The First**

**Presbyterian Church Society in Cincinnati et, 1 Oh St at page 478,** as follows:

"Where a legal estate is granted or devised to trustees without words of perpetuity upon trusts of perpetual duration, there is much reason, and authority for holding that the legal estate taken by the trustee is commensurate with the trust, and, therefore, a fee."

In the case in 1 Oh St, the deed under discussion was executed to Moses Miller, and others, trustees for the Presbyterian Congregation of Cincinnati "and their successors **forever,**" "for the use, benefit and behoof of the aforesaid congregation for**ever,**" with a covenant that "Symmes and his heirs will warrant and forever defend unto the grantees and their successors." And in that case it was held that the use of the word "forever" in the clauses mentioned, fixed a perpetual use and that a fee simple title was necessary for such use, and commensurate with the trust.

In the case at bar, there are no words of inheritance, succession or perpetuity in the deed and a title in fee simple was not necessary for the purpose of carrying out the terms of the trust as the purpose thereof could be fully accomplished by a determinable fee title.

A fee simple title not being necessary for the performance of the trust, such title did not pass to the trustees under the deed mentioned, but only a title determinable upon the property ceasing to be used for the purpose described in the deed.

In the case of **Phillips v Board of Education, 12 Oh Ap, 456, at page 459,** the deed upon which the decision was based, was to a board of education. The granting clause in this deed was, "unto the said board of education of Pickaway township, its successors and assigns as long as they are used for school purposes." The habendum clause was, "To have and to hold said premises with the appurtenances unto the said board of education, its successors and assigns, so long as the same is used for school purposes," being similar to the case at bar in that the limitation appears both in the granting and habendum clauses. The court, in its opinion, at page 460, in commenting upon cases involving grants for special uses, without condition of reverter, says:

"We think the cases generally may be grouped in the following classes: 1. Those where the conveyance is to a grantee for certain uses but without a condition of reverter. 2. Those in which uses are specified and the condition of reverter superadded. 3. Where the grant is in the form of a limitation or conditional limitation.

"In the first class of cases it has been generally if not universally held that where a grant is on a valuable consideration it amounts to a covenant as to the use, but does not involve a condition subsequent. In the second class both the covenant and the condition of reverter are not enforced. In the third class of cases the grant is construed as a limitation and no condition of reverter is necessary; the grant having terminated upon the happening of the condition, the right of entry would immediately accrue to the heirs. We think the form of the Phillips deed is a conditional limitation and that the title taken under the deed is what is called by Blackstone 'A base or qualified fee', or what has been generally denominated in modern judicial literature as 'A determinable fee'."

To sum up, we are of opinion that the case at bar differs from the case in 120 Oh St, in that the grant being to trustees, a fee simple title did not pass and that the clauses relating to the use, are limitations on the grant and not conditions subsequent, and are effective although there was no provision of forfeiture or reversion. We are also of the opinion that as the limitation as to use, was contained in both the granting clause and the habendum, a determinable fee passed to the grantee terminable on the abandonment of the use of the church property by the church and the trustees, with immediate right of entry accruing to the heirs of the grantor upon the happening of such event.

Or to take another view of the matter, the instrument of conveyance amounted only to a grant of a license to the trustees to use the premises as long as used for church purposes.

As shown by the pleadings and evidence in the instant case the use of the premises for the purpose prescribed by the deed has ceased, and the defendants, who are the heirs at law of the grantor have an immediate right of entry into the premises.

Holding these views, the judgment of the lower court is affirmed.

CROW, PJ, and KLINGER, J, concur.