## BOARD OF EDUCATION, LEBANON VILLAGE SCHOOL DISTRICT v HOLLINGSWORTH et

Ohio Appeals, 1st Dist, Warren Co

No 183.  Decided Oct 19, 1936

Maple & Maple, Lebanon, for appellant.
Alton F. Brown, Lebanon, for appellees.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Warren County.

The appellant filed an action to quiet title to a small lot of ground which had for many years been used by appellant for school purposes. Some four years previous to the filing of this action such use was discontinued and the appellant, by appropriate resolution, found that the lot was no longer needed for such purposes, and the lot was ordered sold.

At the sale, the appellee, Douglas Hollingsworth, bid for the premises and the same was sold to him. He paid $25.00 upon the purchase price, but later took the position that the appellant did not have any title to the premises in question which it could convey and, therefore, he was not bound by his bid, but was, on the contrary, entitled to the refund of his deposit. He filed an answer to this effect and also alleged that he had acquired title from the heirs of one of the original grantors of the land and prayed that title to the premises might be decreed to be in him.

All necessary parties appear to have been brought into the action. No answers were filed by these nor was any claim adverse to Hollingsworth set up other than that of appellant.

In any event, the appellant is restricted to a position predicated upon such title as it may have acquired by the deed in evidence.

It is the contention of the appellant that this deed gave the predecessor of appellant an unrestricted fee.

It is the contention of Hollingsworth that the deed was restricted conveying the lot to the predecessor of appellant only for school purposes and that it and its successor in title the appellant, only had the right to occupy same as long as it was used for school purposes, and no longer.

The case therefore resolves itself down to a question involving the effect of the deed, for if the deed was so restricted, the appellant can have no title to the land, which would revert to the original grantors or their heirs. As none of these set up any claim against Hollingsworth, and the appellant does not, pretend to claim from these otherwise than through the deed in question, a conclusion upon the effect of the deed will dispose of all matters in controversy, of which at least the appellant can complain.

The deed contains the following recitals: —"do hereby grant, bargain, sell and convey to the said Board of Education and to its successors and assigns forever the following described lands" (then follows a description of the property in single space, concluding with the sentence) "said lands to be occupied for the purposes of a school house and for no other uses or purposes whatsoever."

In the habendum clause, the recital is:— "To have and to hold the same to the only proper use of the said Board of Education of Turtle Creek Township and to its successors and assigns so long as the same shall be occupied as a site for a school house and no longer."

Did this deed convey an absolute fee or merely a tenure limited to the continued use for school purposes?

The question is considered in the cases of: In Re Matter of Copps Chapel M. E. Church, 120 Oh St, 309; Schwing v McClure et, Trustees, 120 Oh St, 335; Licking County Agricultural Society v County Commissioners, 48 Oh Ap 528, (17 Abs 235); Schurch et v Harriman et, 47 Oh Ap, 383, (15

Abs 581). See also: 13 **Ohio Jur.**, pp. 961, 967; 16 **Ohio Jur.**, pp. 394, 396.

In the Church case the court distinguishes **Lessee of Sperry v Pond, 5 Ohio, 387,** in which the language used was much the same as that employed in the instant case, in that the expression in the deed appears:—"so long as they should continue to use and improve the same for the express purpose of grinding and no longer." In the Pond case the language used was held sufficient to express the intention of reverter and forfeiture.

In the Church case similar words omitting the words "no longer" were held not to express such intent. The question, as in wills, is what was the intention of the one who executed the instrument, as such intention is gained from the words used. While we agree with Judge Marshall in his dissenting opinion that the words "no longer" add nothing to the strength of the words used to express a reverter, we feel justified in adopting the same line of demarcation used by the Supreme Court in distinguishing the Pond case from that of the Church case, and concluding that the language used in the instant case clearly expressed an intention on the part of the original grantor to provide for a reverter and forfeiture.

We are strengthened in our view of the law by the conclusion of the American Law Institute in its Restatement of the Law of Property. We quote from Tentative Draft No. 2, pages 21, 22:

"Section 54. Language sufficient to create an estate in determinable fee simple.

An estate in determinable fee simple is created by any limitation which, in an otherwise effective conveyance of land:

(a) Is effective to create an estate in fee simple, and

(b) Effectively provides that upon the happening of a stated event the estate shall automatically terminate in favor either of the conveyor or of his successor in interest.

Illustrations:

1. A, owning Blackacre in fee simple absolute, transfers Blackacre 'to B and his heirs until they cease to occupy the premises in person.' B has an estate in determinable fee simple.

2. A, owning Blackacre in fee simple absolute, transfers Blackacre by deed 'to B forever, so long as the cheese factory on the land continues to be operated.'

I. In a state where words of inheritance are not necessary in order to create an estate in fee simple, B has an estate in determinable fee simple.

II. In a state where the common law requirement still exists, that words of inheritance are necessary to the creation of an estate in fee simple, B has a determinable estate for life.

3. A, owning Blackacre in fee simple absolute, transfers Blackacre to the B Town which is duly incorporated 'so long as the land is used for courthouse purposes.' The B Town has an estate in determinable fee simple."

It is our conclusion that the judgment of the Court of Common Pleas should be, and it is affirmed.

MATTHEWS, J, concurs.

**BOPE, Ex Parte**

Ohio Appeals, 2nd Dist, Franklin Co

No 2729. Decided Oct 5, 1936

Loren C. Windom, Columbus, for appellant.

Harley E. Peters, City Solicitor, Columbus, for appellee, William A. Schneider, Mayor.

Alex S. Dombey, Columbus, for appellee, Andrews.

