## FIRST NEW JERUSALEM CHURCH v SINGER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18014. Decided March 10, 1941

A. P. Gustafson, Cleveland, for plaintiff-appellant.

George M. Brown, Cleveland, for defendant-appellees.

MONTGOMERY, PJ., SHERICK, J. (5th Dist.) and ROSS, J. (1st Dist.), sitting by designation.

**OPINION**

By ROSS, J.

This proceeding constitutes an appeal on questions of law and fact from the court of common pleas of Cuyahoga County. The action is one in which the plaintiff seeks to quiet title to certain land now and for many years past, used for purposes incidental to the maintenance and conduct of a Church known as The Church of the New Jerusalem, sometimes called the "New Church" or "Swedenborgen Church". The facts are contained in an agreed statement of facts. The cloud upon the title of the Church of which complaint is made, is asserted by the plaintiff to be found in certain language contained in a deed to the Trustee of plaintiff, such deed being dated December 10, 1849. The pertinent portion of this deed is as follows:

"Know all men by these presents that we, the heirs of Mars Wagar and Keturah, widow of Mars Wagar, late of Rockport Township do give and grant for use of the New Church Society in said Township the following tract of land on which the New Church Meeting House is now erected, to-wit, the South West corner of the lot of land on the North side of the Lake Road, said land belongs to the estate of the said Mars Wagar situate in the Township of Rockport and County of Cuyahoga and State of Ohio. The tract or parcel of land hereby granted being five rods in front & to run back eight rods from the aforesaid road. The above tract or parcel of land is hereby given and granted to James Nicholson, Osborn Case and —— Dickson, Trustees of the aforesaid New Church Society & the builders and other proprietors of said house & their successors in office forever, to be held in trust by them for the purposes herein mentioned. Said Trustees to be elected by the members of said Society and other proprietors of the said meeting house. Now the conditions of this gift & grant of land is that the above named meeting house is to be used for New Church purposes. Provided that should it ever cease to be used for said purposes, that then the land is to return to its original owners, and the house thereon to return to the proprietors thereof. We the undersigned heirs & Keturah, widow of the said Mars Wagar, do Warrant and Defend the above described tract of land free & clear from all lawful encumbrances whatever. In witness whereof we have set out hands, and seal this thirteenth day of Nov. one thousand eight hundred and forty-nine."

By reason of the failure of one of the heirs of Wagar to sign the deed, a one-sixth interest in the premises is not covered by the deed. Such interest is unquestionably now vested in the plaintiff by prescriptive right.

The claim of the plaintiff to the relief sought in this action as to the other five-sixths interest in the premises and which is covered by the deed, is that by the manifest intent of the deed a fee simple title was given the plaintiff in the premises but that by reason of the presence of other language in the deed a claim is now asserted that such fee simple title is modified by such other language and that the title now possessed by the plaintiff is not an absolute fee but a "determinable fee". The right to have the cloud thus created by the objectionable language removed, if the facts in the case sustain such right, is supported both by statute and authority. See §11901 GC. Rhea v Dick et, 34 Oh St 420, in which it is held that—

"it is not necessary that the adverse claim should relate to or affect the right to present possession."

See also, 33 O. Jur., 845, 859, 866.

These authorities are particularly pertinent in view of the statement of the defendants that they are not claiming at this time that the plaintiff has committed any act of forfeiture, or any act which would now create a right of reversion. The cloud upon the title of plaintiff was developed when it sought to secure a loan using the property in question as collateral security therefor. The plaintiff directs our attention in support of its position to the case of In re Matter of Copps Chapel Methodist Episcopal Church, 120 Oh St 309, the syllabus of which reads as follows:

"Where a quit-claim deed, for valuable consideration conveys to trustees of an unincorporated church, association, certain real property, 'to have and to hold * * * unto the said grantees and their successors * * * so long as said lot is held and used for church purposes,' without any provision for forfeiture or reversion, such statement is not a condition or limitation of the grant. Since the deed contains no provision for reversion or forfeiture, all of the estate of the grantor was conveyed to the grantees. Hence, a church building affixed to the realty does not pass to the heirs of the grantors when such lot and building cease to be used for church purposes."

The application of this authority to the instant case is suggested to be found in the fact that in the Wagar deed the grant is to the "trustees of the aforesaid New Church Society and the builders and other proprietors of said House and successors in office forever, to be held in trust by them for the purposes herein mentioned," and that the objectionable language does not qualify this grant of a fee.

Of course, §8510-1 GC, can have no application to any construction of this deed as is pointed out in ▮▮▮▮▮▮▮ Schurch et Trustees v Harraman et, 47 Oh Ap 383. The common law rule extant prior to the statute, required appropriate words of perpetuity. It is our conclusion that such words were used in the deed here under consideration, as far as the grant of a fee is concerned. Williams v First Presbyterian Society et, 1 Oh St 478.

Since reference has been made to the Harraman case, supra, and which case is relied upon by the defendants largely, it may be here noted that character of perpetuity is wholly lacking in the granting and habendum clauses in the deed there considered, which was a deed to trustees. The court in the Harraman case (on pages 386 and 387 of the opinion) say:

"It will be noted that in the case at bar, there are no words of inheritance or succession and no words of perpetuity in the granting clause, and that there are no words of inheritance or succession and no words of perpetuity in the habendum clause; and that the covenant of warranty runs only to the trustees of Grace Evangelical Lutheran Church and not to their heirs, successors, and assigns, and that the limitation as to the use of the real estate is contained in the granting clause as well as in the habendum clause, thus differing from the deed in the case in 120 Oh St at page 309, supra."

And again on page 388, the court say:

"In the case at bar, there are no words of inheritance, succession, or perpetuity in the deed, and a title in fee simple was not necessary for the purpose of carrying out the terms of the trust, as the purpose thereof could be fully accomplished by a determinable fee simple. A fee simple title not being necessary for the performance of the trust, such title did not pass to the trustees under the deed mentioned, but only a title determinable upon the property ceasing to be

used for the purposes described in the deed."

The effect of the Harraman case is that where words of perpetuity are not used in the case of a grant to trustees and a fee is not necessary for the purposes of the trust, a determinable fee will be construed to have been granted. This case is not authority for holding that where words of perpetuity are used in cases of grants to trustees in a deed that an absolute fee cannot be considered to exist.

It is the inescapable conclusion from the language used in the Wagar deed that an absolute fee was ██ conveyed to the trustees subject only to the effect of the limitation sought to be imposed by the language used in connection with the use of the building. This language we now come to consider. In the first place it is stated in the first paragraph of the syllabus in **Embleton et v McMechen et, 110 Oh St 18:**

"1. Where an estate is created by way of forfeiture, upon violation of a condition subsequent, words of inheritance or perpetuity are required to pass a fee simple estate in the forfeited premises."

Certainly no such "words of inheritance or perpetuity" occur in the clause claimed by the defendants to modify the fee conveyed by the granting clause to the trustees in the instant case. "The land is to return to its original owners", not to such owners, their heirs and assigns forever. The grantors having conveyed an absolute fee ██ to the trustees, must, if they would cause a possible forfeiture to reinstate a fee in them, their heirs and assigns, use words of equal dignity to the grant and of equal force embodying the conception of perpetuity. This is the holding in **Board of Education v Hollingsworth, 56 Oh Ap 95,** and **In re, Matter of Copps Chapel Methodist Episcopal Church, 120 Oh St 309.** It is to be noted that the granting clause in **Sperry v Pond,** 5 **Ohio 387,** was not absolute and unqualified, as is true in the instant case. The court say in the Church case also (page 319 of the opinion):

"The statement in this deed is not a condition nor limitation of the grant but a mere covenant that the property shall be used in a particular way."

It is to be remembered that the requirement for words of perpetuity in the reverter clause only attaches when there appears an unequivocal unlimited grant in the instrument which is by the reverter sought to be modified. Such is the holding in the Church case.

In Sperry v Pond, supra, the limitation occurred immediately as a qualification of the granting clause. Such condition lightened the burden to be placed upon the reverter clause.

In **Board of Education of Lebanon Village School District v Hollingsworth, et, 56 Oh Ap 95,** a similar situation prevailed in that the limitation occurred immediately after the description of the property granted, and was a definite and immediate limitation of the granting clause and such limitation again appeared specifically and unequivocally in the habendum clause.

In the instant case, having made a full and complete grant in fee, the grantors say,—

"Now the condition of this gift and grant of land is that the above named meeting house is to be used for New Church purposes. Provided that should it ever cease to be used for New Church purposes that then the land is to return to its original owners."

This may be in the nature of a covenant. Certainly it is not a limitation of the grant nor a reverter incorporating words of perpetuity.

In view of the authorities noted, it is plain that the deed created ██ ed an absolute fee and failed to modify it in any way by appropriate and necessary language embodying words of perpetuity. So viewing the matter it becomes un-

necessary to consider other contentions of the plaintiff.

It is our conclusion, therefore, that the objectionable language used in the deed, attempting to create a reverter is a cloud upon the title of the plaintiff and that a decree shall be entered quieting the title of the plaintiff as to the statements in the deed adverse to an unequivocal and unqualified fee in the plaintiff.

As to other matters considered, the decree of the trial court is correct and its decree may be incorporated into the decree of this court, insofar as the same is not in conflict with the conclusions herein reached.

MONTGOMERY, PJ. & SHERICK, J., concur.