EWING ET AL., APPELLANTS, *v.* MCCLANAHAN ET AL., APPELLEES.

(No. CA85-11-094 — Decided
June 23, 1986.)

*John E. Erhardt,* for appellants.
*George P. Leicht,* for appellees.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Clermont County.

This is an appeal by plaintiffs-appellants, Kenneth W. Ewing and others, from a decision of the Clermont County Court of Common Pleas which declared that defendants-appellees, Larry A. McClanahan and others, are entitled to use and enjoy a certain one-lane gravel road (hereinafter "the road") adjacent to property belonging to appellees which connects appellants' one-hundred-acre parcel with Bainum Road, a public highway.

The case *sub judice* began when appellants filed a declaratory judgment complaint asking the court below to declare they were the sole owners of the road connecting their one-hundred-acre parcel to Bainum Road. Appellants additionally asked the court to issue an order permanently enjoining appellees from further use of it.[1] In response to appellants' complaint, appellees filed their own declaratory judgment counterclaim asking the trial court to declare that appellees have an easement in the road in question by virtue, *inter alia,* of an 1880 deed of a "road" by John W. Bainum to L.H. Padgett containing a "reservation" by Bainum of a "road way."

An examination of the deed in question, which is crucial to both parties' cases, reveals that on August 31, 1880, John W. Bainum conveyed one thousand two hundred sixteen poles of land, a parcel approximately twenty-five feet by one thousand six hundred feet, to L.H. Padgett for a road connecting Padgett's one hundred acres with Bainum Road. Appellants now own Padgett's one hundred acres. An examination of the plat, which is in the record, and the lower court's findings, indicate the road Bainum conveyed to Padgett has historically been this one-hundred-acre tract's sole means of access to *any public road.* However, appellees, who have acquired Bainum's interest, have another separate and distinct access to Bainum Road.

The crucial portion of the Bainum-Padgett deed is found in a one-sentence reservation at its end: "The said John W. Bainum reserves the right to use the above described lands for the purpose of road way." Although the instrument itself did not contain language extending the right to use the reserved roadway to Bainum's heirs, apparently even after Bainum's death this sentence continued to surface in the deeds of subsequent grantees. Appellees claim this reservation, in light of its continued occurrence in deeds after Bainum's death, demonstrates an easement in their favor in such road and rebuts ap-

---

[1] For purposes of clarification, said road for one hundred years has been and remains a private one, not having been previously dedicated to public use.

pellants' claim of an exclusive right to use of it. On the other hand, appellants claim the reservation was personal to Bainum and ended at his death in 1907[2] due to Ohio's law of conveyances as it stood in 1880.

After a bench trial, the trial court agreed with appellees. It declared they possessed an easement in the road by virtue of Bainum's 1880 deed reservation. The appellants appealed to this court. They assign the following error:

"The trial court erroneously found and ordered that the defendants/appellees (McClanahans) are the beneficial owners of an easement for ingress and egress over the private roadway owned by plaintiffs/appellants (Ewings)."

In determining this assignment of error we find it necessary to return to the state of the law as it was in 1880. For it was the law as it stood in 1880 which provides a framework for what Bainum's deed to Padgett meant when it was executed.[3] Our principal guideline, however, is still the intention of Bainum and Padgett in executing their 1880 deed as disclosed by an examination of the entire instrument and the surrounding circumstances. *Gill* v. *Fletcher* (1906), 74 Ohio St. 295, 78 N.E. 433.

Returning to older Ohio cases we find that in 1880 Ohio real property law still required that a fee simple deed contain words of inheritance or perpetuity.[4] By this we mean a manifestation that an owner's interest was not limited to his life alone but passed to his heirs or beneficiaries. In *Ford* v.

*Johnson* (1884), 41 Ohio St. 366, 367, the Ohio Supreme Court stated:

"The elementary authorities uniformly hold the word *heirs* is indispensable to the creation by deed of an estate tail or in fee simple; though it is otherwise in respect to a will. The requirement is technical; but it has always been a rule of property in this state and must, for manifest reasons, be upheld."

We find the above quotation is contrary to the trial court's observation in its conclusions of law that "Ohio, however, is not a jurisdiction that relies on the technical distinction (between exceptions and reservations)." Rather, it appears to us that Ohio relies on technical distinctions but considers the entire instrument and the circumstances surrounding its execution in determining what form of legal interest is being created in a given case.

Examining the entire instrument we find no indication of an intent on the part of the grantor, Bainum, to retain a fee interest of any sort in the "road way" he reserved in his deed to Padgett. The trial court's conclusions of law agree with this observation finding there is no other evidence of Bainum's or Padgett's intent except this one sentence in the deed. Alternatively, we are unpersuaded by appellees' circumstantial evidence of intent based on the apparent use of the road by subsequent owners of Bainum's former interest because the record shows they asked for and received permission to use it.

----

[2] No instruments between the 1880 Bainum-Padgett deed and Bainum's death in 1907 affecting title to or rights in this parcel have been brought to our attention.

[3] Since the trial court has already determined a prescriptive easement is not present in this case and no cross-appeal has been filed from that decision, the only basis

appellees have left to assert is an easement based on the Bainum-Padgett deed.

[4] Words of inheritance were removed from their place of prominence by Section 8510-1 of the General Code which eliminated the necessity for them in 1925. *First New Jerusalem Church* v. *Singer* (1941), 68 Ohio App. 119, 33 Ohio Law Abs. 518, 22 O.O. 217, 34 N.E. 2d 1007.

Returning to the trial court's decision, we find its primary reliance on *Gibbons* v. *Ebding* (1904), 70 Ohio St. 298, 71 N.E. 720, is misplaced. In *Gibbons,* one Cleveland city lot was burdened by an easement in favor of an adjoining one. The easement was created by the former common owner of both lots. The reviewing court in *Gibbons* found the intent of the creator of the easement in question was clear — he intended that an easement be created over one lot to serve the other. However, this is not the situation here based on our examination of the deed and its surrounding circumstances.

Rather than rely on *Gibbons, supra,* we think the better authority is *Embleton* v. *McMechen* (1924), 110 Ohio St. 18, 143 N.E. 177, 34 A.L.R. 689, wherein the Supreme Court refused to declare a forfeiture upon the occurrence of a condition subsequent because the creating instrument failed to include words of inheritance or perpetuity. Similarly to *Embleton,* we note that in the Bainum-Padgett deed before us words of inheritance follow the clause granting Padgett an interest but do not follow the reservation of a "road way" by Bainum for himself.

As a consequence of our review of the record and authorities as they stood when the deed in issue was executed, we conclude that the intention of the parties in light of the law then in existence was to reserve to Bainum, for his life alone, a personal right to use the road he granted Padgett. Because the right was personal to Bainum, it ended with his death. Accordingly, no such right to use this parcel as a road lies in his successors in interest, such as the appellees.

We note in closing that had Bainum wished to express his intention to retain an interest in the road he conveyed to Padgett beyond his own lifetime, he could have granted Padgett only an easement, or he could have granted Padgett a fee simple but included words of inheritance with his reservation of a "road way." He did neither. His actions in 1880 foretell the result we reach today. Even accepting the trial court's findings of fact, they are insufficient to sustain the declaratory judgment entered.

We therefore sustain the sole assignment of error. We reverse the declaratory judgment decision of the Clermont County Court of Common Pleas and remand the case there for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.