BURK et al., Co–Admrs., Appellants,

v.

The STATE of Ohio, Appellee.

[Cite as *Burk v. State* (1992), 79 Ohio App.3d 573.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62729.

Decided May 18, 1992.

*Lucas, Prendergast, Albright, Gibson & Newman and Rankin M. Gibson; A. Joseph Waterman,* for appellants.

*Lee I. Fisher,* Attorney General, and *Lorraine M. Nestor,* Assistant Attorney General, for appellee.

JOHN F. CORRIGAN, Presiding Judge.

Plaintiffs, Geraldine Garfield Burk and June Breyley Davis, the co-administrators d.b.n. of the estate of Thomas Garfield, deceased, appeal from the order of the trial court which granted summary judgment to defendant, the state of Ohio, in plaintiffs' action to, *inter alia,* quiet title to a parcel of property which Thomas Garfield conveyed to the state in 1852. For the reasons set forth below, we affirm.

I

The facts adduced below reveal that on April 30, 1852, the General Assembly enacted 50 Ohio Laws 196, which provided for the state to receive parcels of land, by gift or donation, to be used for asylums for the insane.

Thereafter, on August 17, 1852, Thomas and Sophia Garfield, aunt and uncle of President James A. Garfield, conveyed to the state a parcel of land situated in Newburg Township. In relevant part, the deeds of conveyance provide:

"Know all men by these presents that I Thomas Garfield of the Township of Newburg and County of Cuyahoga and State of Ohio for the consideration of one dollar to me in hand paid the receipt whereof is hereby duly acknowledged and for divers other good and sufficient causes and considerations received to my full satisfaction of the State of Ohio do give grant bargain sell and confirm unto the said State of Ohio the following described tract or lot of land * * *.

"To have and to hold the above granted and bargained premises with the appurtenances thereunto belonging unto the said State of Ohio forever

*provided* alwas [*sic* ] the same be used and occupied by the said State of Ohio for the uses and purposes expressed and intended in the (1st) and (2nd) Sections of an act of the Ohio Legislature passed April (30th) 1852, entitled an Act 'To provide for the erection of two additional Lunatic Asylums' *and when said lands shall cease to be used for the purposes therein expressed and provided the same shall revert to the grantors.*
" * * *

"And I Sophia Garfield wife of the said Thomas Garfield do hereby remise release and forever quit claim unto the said State of Ohio all my right and title of dower in the above described premises.  * * * " (Emphasis added.)

This parcel (hereafter referred to as the "subject parcel"), together with the five other parcels which were donated to the state from other entities or individuals, subsequently became the site of the Northern Ohio Lunatic Asylum.  More recently, the Cleveland Developmental Center, an institution for individuals with mental retardation, was established on the parcels.

In April 1988, the state ceased using and occupying the parcels.  In 1989, state officials decided to sell the parcels, and had them appraised.  Thereafter, on January 24, 1991, plaintiffs brought this action, seeking a declaration that title to the subject parcel had reverted to Thomas Garfield;  that title be quieted against the state;  and that possession of the subject parcel be awarded to Garfield's estate.

On September 4, 1991, the state filed a motion for summary judgment, and on October 7, 1991, plaintiffs filed their brief in opposition.  The trial court subsequently determined that the reversionary provision lacked words of heredity or perpetuity, and it entered judgment for defendant.  Plaintiffs now appeal.

## II

Plaintiffs advance the following assignment of error:

"The trial court erred in granting defendant's motion for summary judgment."

In support of this assignment of error, plaintiffs assert that there are "numerous" questions of fact which render the award of summary judgment erroneous, and that the trial court erred as a matter of law in finding that the possibility of reverter is now ineffective, due to the absence of words of perpetuity or succession.

The first claimed issue of fact cited by plaintiffs concerns whether the language in the deed which provided for the possibility of reverter was added as a "marginal notation," and was not part of the original deed.  We note,

however, that while defendant referred to the reverter language as a "marginal notation," no evidence was presented to support this characterization. Indeed the language is in the body and not in the margin of the deed. In addition, the state at no time suggested that this language was absent from the original deed or that it could be discounted. Accordingly, the record demonstrates that this matter does not constitute a genuine issue of material fact.

The second claimed issue of fact cited by plaintiffs concerns both Thomas Garfield's intentions, and inferences from the language of the deed. We note, however, that the construction of instruments of conveyance is a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146, paragraph one of the syllabus.

As to the legal correctness of the trial court's construction of the deed, we begin by analyzing the nature of the conveyance.

The relevant language provides:

" * * * I Thomas Garfield * * * do give grant bargain sell and confirm unto the said State of Ohio the following described tract * * *.

" * * *

"To have and to hold the above granted and bargained premises with the appurtenances thereunto belonging unto the said State of Ohio forever *provided* alwas [*sic*] the same be used and occupied by the said State of Ohio for the uses and purposes expressed and intended in the (1st) and (2nd) Sections of an act of the Ohio Legislature passed April (30th) 1852. Entitled an Act 'To provide for the erection of two additional Lunatic Asylums' *and when said lands shall cease to be used for the purposes therein expressed and provided the same shall revert to the grantors.*" (Emphasis added.)

This language grants the state a fee simple determinable. See Restatement of the Law, Property (1936) 121–129, Section 44, Illustration 17(III). Accord *Schurch v. Harraman* (1933), 47 Ohio App. 383, 389–390, 191 N.E. 907, 910. The language additionally gives the grantors a possibility of reverter.[1] See Restatement, *supra,* at 525, Section 154. Accord *Lebanon Village School Dist. Bd. of Edn. v. Hollingsworth* (1936), 56 Ohio App. 95, 97–98, 9 O.O. 1, 2, 10 N.E.2d 25, 26.

As to whether the possibility of reverter is effective as to plaintiffs here, we note that for deeds such as the one at issue here which were made prior to the adoption of G.C. 8510–1 in 1925, it was the rule in Ohio that the

---

1. This interest is not subject to the rule against perpetuities. Restatement of the Law 2d, Property (1983) 48–50, Section 1.4, Illustration 2.

word "heirs" or other appropriate word of perpetuity was required to convey a fee simple to realty. See *Schurch v. Harraman, supra,* at 387, 191 N.E. at 909; *First New Jerusalem Church of Lakewood v. Singer* (1941), 68 Ohio App. 119, 123, 22 O.O. 217, 219, 34 N.E.2d 1007, 1009. Similarly, pursuant to this rule, where the grantor makes reservations in his deed of conveyance, words of inheritance must likewise be used in order to pass a fee simple estate. *Embleton v. McMechen* (1924), 110 Ohio St. 18, 25–30, 143 N.E. 177, 179–180. The court explained:

"[In the case at bar,] [t]he agreement was made upon a condition subsequent, which provided that, if the grantees failed to perform the conditions relating to the supplying of coal, they should forfeit one half of the premises, and the same should revert to the stockholders, their widows and children or assigns. They did not agree to forfeit the estate in controversy to the specified shareholders *and to their heirs. The covenant in the agreement ran to the person only, and words of inheritance or perpetuity usually required in the conveyance of fee-simple estates were omitted.* Should the grantees violate the terms of their agreement and forfeiture ensue, a new estate would be thereby created, which, in order to make it a fee simple, necessarily required terms of perpetuity. * * *

"* * * [U]ndoubtedly those terms are necessary where an estate is sought to be created by way of forfeiture upon the violation of a condition subsequent. * * *

" * * * *

"This court is therefore of the opinion that under the facts disclosed it would be inequitable to enforce the forfeiture provision found in the agreement * * *." (Emphasis added.)

In this case, the possibility of reverter was reserved solely to the grantors, and there are no words of perpetuity to allow plaintiffs to now exercise the possibility of reverter. Accordingly, the possibility of reverter was in effect only during the life of the grantors, and upon a forfeiture of the conveyance to the state, no enforceable interest passes to plaintiffs. See *Embleton v. McMechen, supra,* paragraph two of the syllabus. See, also *Ewing v. McClanahan* (1986), 33 Ohio App.3d 46, 48–49, 514 N.E.2d 444, 445–446, where the court stated:

"Returning to older Ohio cases we find that in 1880 Ohio real property law still required that a fee simple deed contain words of inheritance or perpetuity. By this we mean a manifestation that an owner's interest was not limited to his life alone but passed to his heirs or beneficiaries. * * *

" * * * *

"As a consequence of our review of the record and authorities as they stood when the deed in issue was executed, we conclude that the intention of the parties in light of the law then in existence was to reserve to Bainum, for his life alone, a personal right to use the road he granted Padgett. Because the right was personal to Bainum, it ended with his death. Accordingly, no such right to use this parcel as a road lies in his successors in interest, such as the appellees."

Thus, plaintiffs can claim no interest in the parcel under the possibility of reverter. Plaintiffs assert, however, that the reversionary interest need not contain words of perpetuity or heirship because the granting clause did not contain such words. We note, however, that such language was not necessary to convey a fee simple to a corporation aggregate. See *Schurch v. Harraman, supra.*

*Judgment affirmed.*

HARPER and MARTIN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.