**Reversed and Rendered and Opinion filed November 4, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00203-CV

---

## LINDA MORONEY, Appellant

### V.

## ST. JOHN MISSIONARY BAPTIST CHURCH, INC., AKA ST. JOHN MISSIONARY BAPTIST CHURCH, AS SUCCESSOR AND ASSIGNEE OF ST. JOHN COLORED BAPTIST CHURCH, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 18-DCV-252277**

---

## OPINION

This case involves competing requests for declarations concerning the interpretation of a deed in which the grantor conveyed to the grantee a possessory estate while retaining a reversionary interest. We hold that the trial court erred by declaring that the grantor's interest terminated upon his death. Thus, we reverse the trial court's judgment and render a judgment declaring that the heirs of the grantor hold a reversionary interest in the property.

# I. BACKGROUND

The trial court held a bench trial during which the court admitted documentary exhibits without objection and heard arguments of counsel. The parties agree that there were no fact issues to be resolved because this case turns on the interpretation of an unambiguous deed.

In 1935, George Dew conveyed to the St. John Colored Baptist Church a two-acre tract of land in Fort Bend County. The deed provides:

> It is the intention and purpose of the grantor herein to convey the surface rights in the above described land to said religious organization and its successors, for use as a church premises and for such religious purposes, with the understanding and agreement that if said premises are not used for said purposes, or if used and thereafter abandoned for religious purposes, then said premises herein granted are to revert to the grantor.

> To have and to hold said premises as above described unto said religious organization and its successors and assigns, for use only as a church premises and for religious purposes so long as said premises are used for said purposes, subject to the condition that said premises herein granted shall in the event said premises are not used for said purposes, or should they be used for religious purposes and thereafter abandoned for said purposes, then said premises are to revert to the grantor.

Dew died a few weeks later. Appellant Linda Moroney is one of Dew's heirs. Appellee St. John Missionary Baptist Church, Inc. is a successor of the grantee (collectively, the Church). It is undisputed that the Church has not breached the condition subsequent.

The Church sued Moroney and Dew's other heirs to quiet title and for a declaration that Dew's reversionary interest terminated upon his death. The Church alleged, and the court found, that donors and investors were denying the Church financial assistance to expand "because it is believed that Defendant

Moroney may have some future nonpossessory vested interest in the Plaintiff's property."  Moroney counterclaimed for a declaratory judgment that she is "a holder of a reversionary interest under the terms of the Deed."

The trial court signed findings of fact and conclusions of law.  In relevant part, the court found and concluded that:

- Dew conveyed to the Church "a fee simple surface estate, subject to a condition subsequent" and not a "fee simple determinable with possibility of reverter";

- Any right of entry for breach of the condition subsequent "was solely for the life of [Dew] and terminated upon his death on December 28, 1935, and therefore the condition subsequent is now invalid and unenforceable";

- "[I]f the forgoing finding is in any way erroneous and the right to re-enter under the condition subsequent was not terminated by the death of [Dew], that same has expired based upon the adverse possession limitation statutes or based upon the expiration of a reasonable length of time"; and

- Reasonable and necessary attorney's fees incurred by the Church for $82,912 were equitable and just and not in need of segregation.

The trial court signed a final judgment consistent with these findings, declaring among other things that Moroney and Dew's other heirs have no future interest in the property.  Moroney appeals.

## II.    ANALYSIS

In her first two issues, Moroney contends that the trial court erred by concluding that Dew's interest was a right of entry rather than a possibility of reverter and that Moroney's interest was invalid because the phrase "and his heirs" was not included in the portion of the deed stating that the property would "revert to the grantor."  Within these issues, Moroney also contends that her interest did

3

not lapse due to a statute of limitations, laches, or other waiver. In her third issue, Moroney challenges the trial court's award of attorney's fees to the Church.

We hold that Dew's interest was a right of entry, but we agree with Moroney that this right was not limited to Dew's life under the terms of the deed. No evidence supports the Church's claim based on limitations, laches, or waiver. And, attorney's fees are unavailable because the Church's action is one to quiet title. Thus, the trial court's contrary declarations and the award of attorney's fees must be reversed and a judgment rendered declaring that Moroney and Dew's other heirs hold a reversionary interest in the property.

## A.    Standard of Review

The parties agree that we should review de novo the trial court's determination of the validity of Dew's interest in the property. The construction of an unambiguous deed is a question of law for the court. *Wenske v. Ealy*, 521 S.W.3d 791, 794 (Tex. 2017). Our duty is to ascertain the intent of the parties from all the language within the four corners of the deed. *Id.* Although we give deference to a trial court's resolution of disputed facts, when there are none, as here, our review is de novo. *LaLonde v. Gosnell*, 593 S.W.3d 212, 220 (Tex. 2019).

## B.    Possibility of Reverter vs. Right of Entry

The parties join issue on whether Dew's reversionary interest in the property was a "possibility of reverter" or "right of entry"—the latter also known as a "power of termination." The historical distinction between the two types of reversionary interests is that a possibility of reverter is said to transfer possession of the property automatically to the holder of the reversionary interest upon satisfaction of a condition, while a right of entry requires some action on behalf of

the holder of the interest to take possession of the property after the condition is broken. *See Lawyers Trust Co. v. City of Houston*, 359 S.W.2d 887, 890 (Tex. 1962); *Singer v. State*, 391 S.W.3d 627, 632–33 (Tex. App.—El Paso 2012, no pet.); *see also* Restatement (Third) of Property: Wills and Other Donative Transfers § 25.2 cmt. d; 1 Simes and Smith, *The Law of Future Interests* § 241, Westlaw LFUTINT (3d ed., database updated Jan. 2021).

Although the distinction often makes no difference, *see generally El Dorado Land Co., L.P. v. City of McKinney*, 395 S.W.3d 798, 803 (Tex. 2013); Restatement (Third) of Property § 25.2 cmt. d, the parties devote substantial briefing to the issue. We agree with the trial court and the Church that Dew's interest was a right of entry rather than a possibility of reverter.

The parties agree that the deed uses language that has been associated with creating either a possibility of reverter or a right of entry. Language such as "so long as" and "revert" may indicate a possibility of reverter while language such as "subject to the condition" may indicate a right of entry. *See Singer*, 391 S.W.3d at 632–33 & n.2. When there is doubt which type of interest was intended, the doubt must be resolved in favor of a right of entry as it is "in a sense less onerous upon the grantee in that, under such a construction, the estate does not terminate automatically with the occurrence of the stated contingency, but only after re-entry or its equivalent is made by the grantor." *Lawyers Trust*, 359 S.W.2d at 890.

Accordingly, we resolve any doubt in the Church's favor and hold that Dew retained a right of entry rather than a possibility of reverter under the deed. *See Singer*, 391 S.W.3d at 633 (holding that when language indicative of both interests is used, then the doubt would be resolved in favor of a condition subsequent, despite language that the property would "revert to and be revested" in the grantor; citing cases).

5

## C.    Not Limited to the Life of Dew

The central issue in this case is whether the deed, by referring to the reversion of the property "to the grantor" rather than "to the grantor and his heirs," had the effect of limiting the term of the condition to Dew's life. The parties agree that a right of entry is a future interest in property that may be devised under Texas law. *See, e.g.*, *James v. Dalhart Consol. Indep. Sch. Dist.*, 254 S.W.2d 826, 829 (Tex. App.—Amarillo 1952, writ ref'd); *Watts v. City of Houston*, 196 S.W.2d 553, 556 (Tex. App.—Galveston 1946, writ ref'd); *see also El Dorado Land Co.*, 395 S.W.3d at 803 (noting that both possibility of reverter and right of entry are future interests in real property that are freely assignable like other property interests).[1] Moroney contends that because a right of entry is a future interest that may be inherited, and no special words of inheritance are required to convey a fee simple estate, *see* Tex. Prop. Code § 5.001, the right of entry would pass to Dew's heirs although the deed did not refer to them specifically.

The Church points to the case of *Daggett v. City of Fort Worth*, which states: "It is familiar that, unless the heir is named, he cannot re-enter, though the condition is breached; the estate does not inure to his benefit." 177 S.W. 222, 223 (Tex. App.—Amarillo 1915, no writ). The court of appeals provided no explanation or rationale for this principle, cited no authority to support it, and did not apply it because it was dicta—the party seeking to exercise the right was the grantor, *see id.* at 222, and the resolution of the case turned on whether the condition had been breached, not who was exercising the right, *see id.* at 225–26.

---

[1] Under English common law, future interests were not alienable, and there remained confusion under subsequent English statutes about the alienability of rights of entry in particular. *See* 4 Simes and Smith, *supra*, § 1901; *see also Perry v. Smith*, 231 S.W. 340, 342 (Tex. Comm'n App. 1921) (rejecting non-assignability of future interests in lands and noting "at common law titles and interests in land were not assignable, unless the grantor was in possession").

6

As the Church told the trial court, *Daggett* is an "anomaly in Texas law" and a minority view. Although Texas case law on this subject is sparse, a review of other authorities shows that, generally, heirs have not needed to be referenced in a deed to enforce the grantor's right of entry. *See City of Wheeling v. Zane*, 173 S.E. 2d 158, 162 (W. Va. 1970) ("The death of the creator of an estate subject to a condition subsequent does not extinguish the right of re-entry for condition broken, and the right to take advantage of it passes to his heirs, even where not expressly named, because the heirs enforce the condition in the right of the ancestor."); *Fayette Cty. Bd. of Educ. v. Bryan*, 91 S.W.2d 990, 992 (Ky. 1936) ("It does not, therefore, seem to make any difference that there was no specific, express provision that the property should revert to the grantor or his heirs or assigns. The law put it there."); *Dunne v. Minsor*, 143 N.E. 842, 844 (Ill. 1924) ("The heir of the grantor is entitled to avail himself of the benefit of that right, though not expressly named in a reservation thereof."); *Stamper v. Venable*, 97 S.W. 812, 814 (Tenn. 1906) ("If this instrument had created an estate on condition, either precedent, or subsequent, this insistence would be sound; for it seems to be settled that in such case it is unnecessary that the heir of the grantor should be expressly named, or that there would be reserved to him a right of entry, in order to his exercise of the same in case of breach of the condition."); *Osgood v. Abbott*, 58 Me. 73, 80 (1870) ("And the heir, though he be not expressly mentioned in the deed, may take advantage of the breach by entry."); *Jackson v. Topping*, 1 Wend. 338, 395 (N.Y. Sup. Ct. 1828) ("Neither is there any doubt, that on a covenant for the grantor to enter for condition broken, his heir, after the death of his ancestor, may avail himself of the covenant, although not expressly named."); *see also* 28 Am. Jur. 2d *Descent and Distribution* § 32 (database updated Aug. 2021) ("A right of entry or power of termination . . . is not extinguished by the death of the owner, and the right to take advantage of it passes to his or her heirs. This is true even if the heirs

7

of the grantor are not expressly named in the deed creating the estate with the condition." (footnotes omitted)); *cf. Riverton Country Club v. Thomas*, 58 A.2d 89, 95 (N.J. Ch. 1948) ("True it is, as the complainant says, that it is proper and not unusual in deeds conveying conditional fees to specify that a right of reverter for breach of condition subsequent shall run to the grantor and to his heirs. It is equally true, however, that it is not necessary to include such a specification to assure that result. The very act of conveying a fee on condition subsequent with title forfeiture the penalty for breach or non-performance, creates a possibility of a reverter to the grantor and to his heirs.").

Generally, heirs have always had the right of entry of their ancestors, even in jurisdictions where the right is not devisable or assignable. *See* 28 Am. Jur. 2d *Estates* § 195 (database updated Aug. 2021) (even when right of entry is not alienable, it may be asserted by the grantor's heirs upon the grantor's death); *Inheritable Quality of Possibility of Reverter*, 77 A.L.R. 344 (1932) (regarding a "fee on condition, i.e., a fee subject to be devested by re-entry on the happening of a specified contingency, . . . it is universally recognized that the interest remaining in the grantor may be enforced by his heirs. This rule is so well established as not to require citation of authority."); *see also Oakland Cty. v. Mack*, 220 N.W. 801, 285 (Mich. 1928) ("Although such right may not be assigned, it will pass to heirs."); *Upington v. Corrigan*, 29 N.Y.S. 1002, 1003–05 (N.Y. Gen. Term 1894) (holding that, although not devisable, right of entry could be exercised by grantor's heirs); *Warner v. Bennett*, 31 Conn. 468, 478 (1863) ("A right of entry for condition broken is not assignable at common law . . . . The grantor or his heirs only can enter for breach of such condition."). An adopted opinion by the Commission of Appeals of Texas acknowledges the common law principal that heirs of a grantor could enforce a right of entry for breach of a condition

8

subsequent even though the right was inalienable: "Under the common law and the great weight of authority in our American courts, it is held that the reversionary interest of the grantor in a deed conveying a fee-simple estate upon condition subsequent is not assignable can only be enforced by the original grantor *and those connected with him in blood*, and determines upon an assignment of the right or subsequent deed to the property." *Stevens v. Galveston, H. & S.A. Ry. Co.*, 212 S.W. 639, 644 (Tex. [Comm'n Op.] 1919) (emphasis added).

We have found few courts that followed a principal similar to the one in *Daggett. See JP Morgan Chase Bank, N.A. v. Town of Greenwich*, 2012 WL 1292602, at *6–7 (Conn. Super. Ct. Mar. 26, 2012) (unpublished) (although possibility of reverter would pass to heirs after grantor's death, right of entry would not, when grantor's heirs were not mentioned in the deed, on the theory that a right of entry is personal to the grantor (citing *D'Addario v. D'Addario*, 603 A.2d 119 (Conn. App. 1992))); *Burk v. State*, 607 N.E. 2d 911, 913–14 (Oh. App. 1992) (reasoning that because the word "heirs" or other appropriate words of perpetuity was required to convey a fee simple, a grantor's reservation must include similar words). Ohio abandoned this rule for deeds made after the enactment of a statute that abolished the need for special words of inheritance, i.e., "and his heirs," under the common law to convey a fee simple estate. *See Burk*, 607 N.E. 2d at 913 (citing the predecessor statute of Ohio Rev. Code § 5301.02); *see also Tex. Co. v. Meador*, 250 S.W. 148, 150 (Tex. 1923) ("If a grantor desired to convey a fee to B. at common law, the only way he could do it was by a grant to B. and his heirs." (quotation omitted); *Moody v. Moody Nat'l Bank of Galveston*, 522 S.W.2d 710, 716 (Tex. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) ("At common law the use of words of inheritance such as 'heirs and assigns' was essential in the conveyance of a fee simple estate to a natural person."). Texas has had a similar

9

statute on the books since the early days of statehood. *See Meador*, 250 S.W. at 150; *see also Bell Cty. v. Alexander*, 22 Tex. 350, 357–58 (Tex. 1858). The current version applies to the deed in this case. *See* Tex. Prop. Code § 5.001. Because a right of entry is devisable in Texas, and because no special words of inheritance are required to create a fee simple estate, we cannot justify the principle announced in *Daggett* under contrary theories.

Though the issue was not squarely before the court in *Davis v. Skipper*, 125 Tex. 364 ([Comm'n Op.] 1938), the supreme court adopted an opinion holding that the heirs of a grantor held a possibility of reverter when the deed stated that the property would be "revested in the [grantor]" without mentioning the grantor's heirs. *See id.* at 366–68. Because under Texas law both a possibility of reverter and right of entry are future interests in real property that may be devised, and no legal consequences depend on placing future interests in one category or another, *see El Dorado Land Co.*, 395 S.W.3d at 803, the *Davis* case indicates that a right of entry does not terminate at the grantor's death when the deed provides, like here, that the property is to "revert to the grantor," without reference to the grantor's heirs.

Only one Texas case has cited *Daggett* for the principle under consideration. *See K.M. Van Zandt Land Co. v. Whitehead Equities, JV*, No. 02-06-294-CV, 2008 WL 2510602 (Tex. App.—Fort Worth June 19, 2008, pet. denied) (mem. op.). In that case, a corporation was in the business of selling real estate in Fort Worth with conditions prohibiting the sale of liquor, whereby the properties would "revert to the grantor herein and its legal representatives." *Id.* at *1. Several property owners sued the unknown heirs, successors, and assigns, of the unknown stockholders of the long-dissolved corporation. *See id.* The court of appeals focused on the meaning of "legal representatives" and held that the condition in the

10

deeds was intended to benefit the corporation only while it continued in existence and engaged in the business of selling real estate, and the right of entry was not intended to exist perpetually for the benefit of its former stockholders and their heirs. *Id.* at *5.

The rationale in *K.M. Van Zandt* might be applicable to a corporate grantor that added specific words to the reversionary interest, such as "legal representatives." Yet, Dew did no such thing in his deed to the Church. He used the phrase only "revert to the grantor." As discussed above, it would be commonly understood that a right of entry in the grantor is enforceable by the grantor's heirs, and no special words of inheritance (i.e., "and his heirs") would be required to confer that future interest to Dew's heirs. The condition in the deed could have easily been limited to the term of Dew's life by other terms, but it was not. Although we construe deeds strictly against a grantor, *see Stevens*, 212 S.W. at 644, we cannot ignore what is plainly written.

In sum, Dew retained a right of entry in the 1935 deed, and this reversionary interest did not terminate upon his death. The trial court's contrary conclusion was error.

## D. Limitations or Reasonable Length of Time

Moroney contends that neither limitations nor laches apply because the right of entry has never become exercisable, as the property has been used for religious purposes since the deed was executed in 1935. Indeed, no statute of limitations or equitable requirement for the exercise of the right of entry could arise unless the Church breached the condition. *See Field v. Shaw*, 535 S.W.2d 3, 6–7 (Tex. App.—Amarillo 1976, no writ) (limitations accrued when holder of the right of entry learned of the violation of the condition); *Zambrano v. Oliva*, 490 S.W.2d 218, 222 (Tex. App.—El Paso 1973, writ ref'd n.r.e.) ("The rule is that a re-entry

11

or an equivalent remedy must be asserted within a reasonable time *after the breach*." (emphasis added)).

The Church alleged in its live petition, "Since the conveyance in this deed, [the Church] continues to have ownership and possession of the Property, has never abandoned the Property, and has used it for church and religious purposes." No evidence was introduced to suggest that the Church has breached the condition.

Accordingly, the trial court erred by concluding that the right of entry expired based on limitations or the expiration of a reasonable length of time.

### E.    Attorney's Fees

Because we reverse the trial court's declaratory judgment, we also reverse the award of attorney's fees as it is no longer equitable and just. *See Kachina Pipeline Co. v. Lillis*, 471 S.W.3d 445, 455 (Tex. 2015). Moreover, Moroney contends that the Church may not recover attorney's fees as a matter of law under the Declaratory Judgments Act because its claim is one to quiet title. We agree with Moroney.

The Declaratory Judgments Act permits the recovery of attorney's fees to a party "interested under a deed" who seeks to have determined "any question of construction or validity arising under the instrument." Tex. Civ. Prac & Rem. Code §§ 37.004(a), 37.009. But the Act may not be used to obtain attorney's fees when the plaintiff's claim is to quiet title. *See Offord v. Carson*, No. 01-19-00815-CV, 2021 WL 3358023, at *11 (Tex. App.—Houston [1st Dist.] Aug. 3, 2021, no pet. h.) (mem. op.); *Gutierrez v. Lorenz*, No. 14-18-00608-CV, 2020 WL 1951606, at *6 (Tex. App.—Houston [14th Dist.] Apr. 23, 2020, no pet.) (mem. op.). We look to the substance and not the form of the pleadings to determine whether an action is properly considered one for a declaratory judgment or to quiet title.

*Gutierrez*, 2020 WL 1951606, at *6.  A suit to quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property.  *Id.*  A cloud on title may include a deed that purports to convey an interest in or makes any charge upon the land of the true owner.  *See Mortg. Elec. Registration Sys., Inc. v. Groves*, No. 14-10-00090-CV, 2011 WL 1364070, at *2 (Tex. App.—Houston [14th Dist.] Apr. 12, 2011, pet. denied) (mem. op.).

In its petition, the Church identified its two claims: (1) "suit for declaratory judgment"; and (2) "suit to quiet title (as a basis for the declaratory judgment action)."  The Church alleged that there was an encumbrance on their property in the form of an "alleged cloud on the title to the property, allegedly in the favor of Moroney."  The Church alleged that it discussed with Moroney "the possibility of Moroney removing the cloud upon its title," yet Moroney "refused to remove same and declared that she had under the 1935 Deed [a] non-possessory reversionary interest in the property."  The Church alleged that its title was "burdened with a non-possessory cloud constituting an encumbrance restriction of a now invalid 'condition subsequent' in [the Church's] Deed."  The Church sought a declaration, in part, that the condition in the deed was "a present cloud and restriction encumbrance on [the Church]'s property."

The Church's action is properly considered one to quiet title, and the quiet title claim was, admittedly, the "basis for the declaratory judgment action."  The basis for the declarations sought was the purported invalidity of Moroney's claimed interest in the property.  Thus, attorney's fees were not recoverable under the Act as a matter of law.  *See Offord*, 2021 WL 3358023, at *11; *Gutierrez*, 2020 WL 1951606, at *6.

The Church, citing only cases from the Third Court of Appeals, suggests that "the 'ban' on awards of attorneys fees in suits to quiet title might be limited to

cases that were essentially trespass-to-try-title cases." *See Fairfield Fin. Grp., Inc. v. Synnott*, 300 S.W.3d 316, 323 (Tex. App.—Austin 2009, no pet.). But the decisions of this court and other courts are clear: attorney's fees are unavailable in a suit to quiet title even though the suit is not an action for trespass to try title. *See, e.g.*, *Gutierrez*, 2020 WL 1951606, at *6 ("Olga asserts, and the trial court agreed, that her claim was trespass to try title, but we think it is more accurately characterized as one to quiet title. . . . The distinction between a trespass to try title action and one to quiet title is immaterial here, however, because attorney's fees are unavailable in either instance.").

The Church, citing no authority, suggests that Moroney waived her complaint about attorney's fees by not objecting to the award of fees and by stipulating that fees would be submitted by affidavit to the court after trial. However, Moroney pleaded in her live petition that the Church was not entitled to attorney's fees because the Church "brought their declaratory action solely for the purpose of obtaining attorney's fees," and "the Act may not be relied on to convert all actions into declaratory judgment actions." At trial, counsel for the Church announced that there was a "stipulation that any attorneys' fees awarded under the Declaratory Judgments Act will be post-trial based upon submission to the Court." Counsel for Moroney clarified, "And with respect to the issue of attorneys' fees, there's case law in Texas that says that you can't really bootstrap a quiet title or some other kind of an action into a DEC action just to recover attorneys' fees, so I don't think that anybody's entitled to attorneys' fees and I think that the only proper judgment is that the Court enter a take nothing for everybody." Moroney reiterated her complaint in a post-trial memorandum. Under these circumstances, Moroney did not waive her complaint about the unavailability of attorney's fees. *See* Tex. R. App. P. 38.1; *cf. C&F Int'l, Inc. v. Interoil Servs., LLC*, No. 14-18-

14

00698-CV, 2020 WL 1617261, at \*3, \*6 (Tex. App.—Houston [14th Dist.] Apr. 2, 2020, no pet.) (mem. op.) (affirming denial of fees when the parties stipulated to the amount of fees but not the legal availability).

### III. CONCLUSION

We sustain Moroney's issues on appeal, reverse the trial court's judgment, and render a judgment declaring that Moroney and Dew's other heirs hold a right of entry in the property described in the 1935 deed.


/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.