GORDON ET AL. v. THE CARTER OIL CO. ET AL.

*Deeds—Grant of "all coal and other minerals"—Gas and oil rights not conveyed.*

Under a deed executed by the plaintiff more than twenty years ago a grant was made of "all coal and other minerals" under a designated eighty-acre tract. This was followed by the usual grant of a right of way, with the privilege of making necessary excavations, entries, etc., for removal of said minerals:

*Held:* That the language of the deed, and evidence submitted relating to the circumstances surrounding the grant, fail to disclose that the parties thereto intended or contemplated that oil and gas were being conveyed to the grantees under the designation "other materials"; and a decree is awarded to the plaintiff grantor covering royalties in the oil and gas now being produced.

(Decided June 24, 1924.)

APPEAL: Court of Appeals for Licking county.

*Mr. B. G. Smythe,* for plaintiffs.
*Messrs. Jones, Jones & Overturf,* for defendants.

HOUCK, J. This is an appeal case, and comes into this court from the common pleas court of Licking county. The issue in the case is between the plaintiffs and defendants Joseph M. Ickes and L. H. Woddrop, and arises out of a deed made by plaintiff William Gordon to Arthur E. Appleyard, trustee, on July 7, 1902.

Following the granting clause of this deed appear the words:

Mines and Mining, 27 Cyc. p. 679 (Anno.).

"All the coal and other minerals under the surface of the following real estate: [Here eighty acres of land are described]."

Following a description of the land this language is used:

"With a right at any time in said Arthur E. Appleyard, trustee, his heirs and assigns, to enter upon said land, make all excavations, drains, entries, and structures of whatever nature as may be necessary to conveniently take out said minerals, with a right of way over and across said land for the purpose of transferring said minerals from said land, doing no unnecessary damage and injury to said property."

Under the pleadings and settlements made between the parties hereto but one question is presented to this court for solution, viz: Are the plaintiffs entitled to one-eighth of the royalties from oil and gas produced from the eighty-acre farm conveyed by Gordon to Appleyard, trustee?

This cause was submitted on the evidence contained in a transcript of testimony taken at the trial in the common pleas court, and on written briefs submitted by counsel.

We have read the testimony and examined the authorities cited in the briefs. We commend counsel for their well-prepared briefs, as they have been very helpful to the court and aided us much in reaching a decision in the case. While we have not had the benefit of oral argument, yet the open, full and frank manner in which learned counsel have presented their respective claims in briefs has met our hearty approval. We have made a search for other authorities than those cited by

counsel, and have found a number that materially aid us in reaching the conclusion we have in this case.

Much of the testimony offered we find to be incompetent; and we have considered only that part found applicable to a proper determination of the question involved. Counsel for plaintiff insist that the words, "other minerals," as found in the deed, do not in fact and law include oil and gas. However, counsel for the defendants urge that oil and gas are minerals, and therefore that the plaintiffs, in said deed, by use of the words "other minerals," conveyed to the grantee all the oil and gas in, under and upon said farm.

The question here must be answered in the light of the language used in the deed, the facts, the circumstances and surroundings of the parties at the time of the execution of the deed, and the law applicable to same.

We cannot bring ourselves to the conclusion of learned counsel for defendants, who maintain that the words "other minerals," within themselves, include oil and gas; and this certainly cannot be true where the facts, circumstances and surroundings point to the contrary; and especially so in the instant case, where the intention of the parties was not to do so. It follows that a deed conveying "other minerals" underlying described land does not convey the oil and gas thereunder, where the parties do not contemplate and intend a conveyance thereof.

Did the parties intend by said deed to convey the oil and gas under the land? We do not think the language in the deed is, within itself, such as

to do so.   And the words, "other minerals," when considered and read with the context, do not establish such fact.   We further find, under all the facts, circumstances, and surroundings of the case —if the testimony is to be relied upon—that the parties hereto did not intend or contemplate that oil and gas should be conveyed to the grantee in the deed now before us for construction.

We think the rule of construction in cases like the one at bar is well settled in Ohio by the case of *Detlor* v. *Holland,* 57 Ohio St., 492, at page 503, and is:

"In determining what is included in a lease, the familiar rules of construction are applied.   The grant is construed most strongly against the grantor .   The whole contract must be considered in arriving at the meaning of any of its parts. Terms to be understood in their plain, ordinary, and popular sense, unless they have acquired a particular technical sense by the known usage of the trade.   They are to be construed with reference to their commercial and their scientific import.   This rule is of especial importance when the question arises whether a specific mineral is included in a general designation."

Hence it follows that the expression "other minerals," taken in its most liberal sense and meaning, may include oil and gas; yet the question still remains, did the parties to the conveyance now being interpreted intend to include oil and gas when the conveyance was executed?   In view of all the terms of the deed, and in the light of all the facts and surrounding circumstances, and applying the above rule of construction, we are of

the unanimous opinion that the title to the oil did not pass, under said deed but remained in the grantor.

In the case of *Detlor* v. *Holland, supra,* the first proposition of the syllabus reads:

"A conveyance of a mining right in lands was made as follows: 'do hereby grant, bargain, sell and convey to the said Michael L. Deaver, his heirs and assigns forever, all the coal of every variety and all the iron ore, fire clay and other valuable minerals in, on, or under the following described premises, * * * together with the right in perpetuity to the said Michael L. Deaver, or his assigns, of mining and removing such coal, ore or other minerals, and the said Michael L. Deaver, or his assigns, shall also have the right to the use of so much of the surface of the land as may be necessary for pits, shafts, platforms, drains, railroads, switches, sidetracks, etc., to facilitate the mining and removal of such coal, ore, or other minerals and no more.' *Held*—That such deed did not convey title to the petroleum, oil and natural gas in the lands described in the deed."

While the *Detlor case* is not absolutely on "all fours" with the case at bar, yet it is so akin to it that we find and hold that the rule of law there laid down when applied to the instant case is decisive of the issue here raised, in favor of the plaintiffs and against the defendants. The equities in this case are clearly with the plaintiffs, as well as the facts and law.

*Decree for plaintiffs.*

PATTERSON and SHIELDS, JJ., concur.