HARDESTY v. HARRISON et.

Ohio Appeals, 5th Dist., Holmes Co.

Decided Mar. 5, 1928.

**First Publication of This Opinion.**

*Syllabus by Editorial Staff.*

**367. DEEDS.**

Secret, unexpressed intention will not be permitted to vary deed or change its meaning where language used leaves no doubt. Object of construction is to ascertain intent of parties and such intent governs unless language employed renders it impossible to give it effect.

**884. PAROL EVIDENCE—297. Contracts**

Deeds are written contracts between parties thereto. Rule that parol evidence not admissible to vary terms of written contract, is same in equity as in law. Statements, made at time of conveyance of mineral rights, cannot be alleged against innocent purchaser for value.

**868. OIL & GAS—763. Minerals.**

Petroleum oil is mineral and is part of realty like coal, iron and copper. Grant, without qualifying or limiting words, of minerals underlying real estate, includes oil and gas.

**997. REAL ESTATE—163. Bona Fide Purchasers.**

1. In absence of actual knowledge or facts sufficient to put him or her on inquiry, purchaser may assume that title is completely disclosed on record, and need not go outside record to inquire for latent equities.

2. Mistake in written instrument will not be corrected against bona fide purchaser, whether such mistake occurs in deed, mortgage or other instrument.

3. Where one of two innocent purchasers must suffer by fraud of third person, he who first trusted such third person and placed in his hands means which enabled him to commit wrong, must bear the loss.

Appeal from Common Pleas.

Garver & Badger, Millersburg, for Hardesty.

Cary, Estill & Khun, Millersburg, for Harrison, et.

## STATEMENT OF FACTS.

Plaintiff for cause of action herein says that on the 12th day of December, 1916, the defendant, Margaret Harrison, leased to the Medina Gas and Fuel Company, for oil and gas purposes, the North-east corner of Section 26, Township 14, Range 13, in Holmes County, Ohio, as recorded in Volume 16, page 186, Lease Records of Holmes County, Ohio.

Said lease provided that in case no well was completed before February 28, 1917, lessees should pay Twenty Dollars rental for each three months thereafter such completion was delayed, in advance.

The lease in question has now been assigned to the defendant The Ohio Public Service Company.

In 1919, Margaret Harrison conveyed to Warren B. Ferris all the coal, clay and mineral rights on the North-east Quarter Section of Section No. 26, Township 14, Range 13, Prairie Township, Holmes County, Ohio. Said coal, clay and minerals were conveyed to plaintiff by deed dated March 24, 1923, and recorded in Volume 91, page 556, of the Deed Records of Holmes County, Ohio, and plaintiff has been the owner thereof ever since. Said lessee has paid rentals on said lease to and including the payment due in May, 1923, thereby paying rentals to and including August 28, 1923, and is ready to pay all the rentals accrued since said date to whomever the Court finds entitled to the rentals.

Plaintiff says that she is the owner in fee simple of the coal, clay and minerals, including the oil and gas in said Quarter Section, and is entitled to all the rentals due on said oil and gas lease after March 24, 1923.

Plaintiff says that the defendant Margaret Harrison claims an interest therein adverse to the plaintiff's rights in said coal, clay and minerals, including the oil and gas by her, construing said deed made by her to said Warren B. Ferris contrary to the true construction of said deed.

Plaintiff prays that said claim of defendant Margaret Harrison be adjudged null and void and the plaintiff's title to said coal, clay and minerals, including the oil and gas, be quieted against the same: that defendant The Ohio Public Service Company be ordered to pay all rentals on said oil and gas lease accrued since May, 1924, and all further rentals on said oil and gas lease to the plaintiff or as she may direct and for such other relief as is proper.

To this petition an interpleader was filed by The Ohio Public Service Company, offering to pay said rentals to whomsoever the Court may direct and asking to be discharged from any further liability.

The defendant, Margaret Harrison, files an Answer in substance as follows: For her answer she denies that plaintiff has any right, title or interest in the gas or oil on answering defendant's said premises in the petition described; denies that the plaintiff is entitled to any rentals or any interest whatsoever in said oil and gas rights, which are owned by the defendant. Further answering, defendant alleges that at the time of her contracting with Warren B. Ferris and the execution of the said agreement with him upon which plaintiff bases her claim, that neither party to the said agreement intended or contemplated the oil or gas rights should be conveyed to the said grantee under the terms of the said agreement: that only such minerals as coal, clay, limestone and sandstone, or such as are of a nonmigratory character were intended and contemplated under the terms of the said agreement. Wherefore, defendant Margaret Harrison prays that said claim of plaintiff be adjudged null and void and that answering defendant's title to said oil and gas rights be quieted against the said claim of plaintiff, and for such other relief as is proper.

LEMERT, J.

So the principal question to be determined in this case is, who is entitled to the oil and gas rentals under this lease, the plaintiff or defendant?

The main object in construing a deed is to ascertain the intention of the parties and especially that of the grantor, and it is well settled that deeds must be construed so as to effectuate, if possible, the intention of the parties, or of the grantor, unless inconsistent with settled rules or of some principle of law or in violation thereof or in violation of some rule of property, or there are expressions in the deed which positively forbid it or render it impossible. Secret, unexpressed intention will not be permitted to vary the deed or change its meaning where the language used leaves no doubt. The very object of construction is to ascertain the intent of the parties and when this intent is discovered it governs unless the language employed renders it impossible to give it effect.

The only other matter in the record before us is some testimony on behalf of the defendant, in which defendant claims that at the time of the so contracting with Warren B. Ferris and the execution of said agreement with him upon which plaintiff bases her claim, that neither party to this agreement intended or contemplated that oil or gas rights should be conveyed to the said grantee under the terms of said agreement: that only such minerals as coal, clay, limetsone, sandstone or such as are of a nonmigratory character were intended and contemplated under the terms of said agreement.

We find and believe that the foregoing defense is not a legitimate and lawful defense in this action. The general rule is that parole evidence is not admissible to vary the terms of a written contract, and these various deeds were the written contract between the parties thereto; and we find and believe that this rule is the same in equity as in law.

30 Ohio State, 418.

46 Ohio State, 30.

10 C.D., 74.

9 C.D., 807.

Or, in other words, whatever was said at the time Margaret Harrison conveyed the minerals to Warren B. Ferris can not be alleged as against plaintiff, who purchased same from a receiver appointed by the Court, and who was a bona fide purchaser, for value.

34 Cyc., 956.

39 Cyc., 1687.

We believe it is a well settled law that petroleum oil is a mineral and is a part of the realty, like coal, iron and copper. A grant without qualifying or limiting words of the minerals underlying certain real estate will include oil and gas.

17 A. L. R., 148.

In the above case, all the minerals in, on or under the land embraced by this conveyance includes petroleum and natural gas. The Courts say that the language of the deed shows that the parties contemplated nothing less general

than all substances legally cognizable as minerals. Since oil and gas are minerals and there is nothing in the language of the deed in question which shows that the parties contemplated something less general than all substances legally cognizable as minerals, we conclude that the title to the oil and gas necessarily passes by the conveyance.

The purchaser of the property in question in this case had the right to rely on the record deed and such record deed is constructive notice only of what appears on its face. In absence of actual knowledge of the title in fact or of facts sufficient to put him or her on inquiry a purchaser may assume that the title is completely disclosed on the records and is entitled to rely thereon and he or she is not bound to go outside the record to inquire for latent equities.

A bona fide, innocent purchaser, for value, and without notice, is the peculiar favorite of a court of equity, and we believe the authorities are united on the proposition that a mistake in a written instrument will not be corrected against such a party, whether such mistake occurs in a deed, mortgage or any other instrument. A stronger statement of the rule involved is where the parties seeking relief committeed the mistake, when one of the two parties must suffer the loss, the loss must fall upon him who is in default. Again, another well established rule of law is, that where one of two innocent persons must suffer by the fraud of a third person, he who first trusted such third person and placed in his hands the means which enabled him to commit the wrong must bear the loss.

41 O.S., 685.

85 O.S., 203.

Wherefore, it follows under this case that there will be a finding in favor of the plaintiff and that she is entitled to the possession of the oil and gas rights in and underlying the real estate in the petition described. We find that the plaintiff is entitled to the relief prayed for in her petition and to have the title and possession to said oil and gas rights quieted, and find that the title and possession of said plaintiff, Florence Hardesty, to the oil and gas rights in and underlying said premises in the petition described and accrued rentals be and the same are hereby quieted as against the defendant, and that said defendant and all persons claiming under her are hereby enjoined from setting up any claim to said oil and gas rights adverse to the right, title and interest of said Florence Hardesty thereto, or any part thereof, or in any manner interfering with her use and enjoyment of the same, and the costs of this action be adjudged against the defendant. Exceptions may be noted.

Lemert, J., Shields, J., and Houck, J., concur.