[Cite as *Mid Ohio Coal Co. v. Brown*, 2018-Ohio-1934.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MID-OHIO COAL COMPANY, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| RALPH C. BROWN, JR., et al., | : | Case No. 17 CA 21 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Guernsey County
Court of Common Pleas, Case No.
14-OG-000276

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     May 14, 2018

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER F. SWING
Brouse McDowell, LPA
388 South Main Street
Suite 500
Akron, Ohio 44311

For Defendant-Appellant

C. KEITH PLUMMER
Tribbie, Plummer, Church & LaPlante
139 West Eighth Street
P.O. Box 640
Cambridge, Ohio 43725

*Baldwin, J.*

{¶1}   Appellants, Ned Bryson Wakeley and Cheryl Wakeley, Joe LaFave and Patricia D. LaFave, and Ralph C. Brown, Jr. and Patricia A. Brown appeal the August 3, 2017 order of the Guernsey County Court of Common Pleas granting appellee's motion for summary judgment and finding that appellee owns and is vested with all right, title and interest in and to the subsurface of the subject property. Appellee is Mid-Ohio Coal Company.

## STATEMENT OF FACTS AND THE CASE

{¶2}   This case arises out of a dispute over the ownership of mineral rights appurtenant to real estate located in Guernsey County. Appellee contends and the court found it holds title to all subsurface rights without limitation, based upon the interpretation of the deed recorded by Jesse and Sarah Linkhorn in 1882. Appellant contends that a proper reading of the Linkhorn deed limits the appellee's claim to the subsurface coal.

{¶3}   The issue of ownership of the mineral rights in this property was considered by the trial court in a prior case.  In 1993 appellants Ralph C. Brown, Jr. and Patricia A. Brown filed a quiet title action in the Guernsey County Court of Common Pleas claiming ownership of the mineral interests in the same property. Mid-Ohio Coal was not named as a party in that litigation.  In that case, no party responded to the complaint and the Browns were granted default judgment. *Ralph C. Brown, et al. v. The Akron and Cambridge Coal Company nka The Wheeling and Lake Erie Coal Company*, Guernsey C.P. Case No. 93-CV-266 (Aug. 25, 1993)

{¶4}   On June 10, 2014, appellee filed a complaint requesting declaratory judgment, quiet title, ejectment, injunctive relief, and alleging continuing trespass and

conversion regarding the property that was the subject of the complaint in *Brown*, *supra*. Appellee named several defendants including appellants and others who might claim any interest in the property[1].   Ralph C. Brown, Jr., Patricia A. Brown and EQT Productions filed motions for summary judgment contending appellee's claim was barred by the doctrine of res judicata. Appellant opposed the motions, but on April 20, 2015 the trial court found "Defendants EQT Productions (sic) and Defendant Brown's Motion for Summary judgment is GRANTED and this case is DISMISSED as Plaintiff's claims are barred by res judicata." *Mid-Ohio Coal Company v. Ralph C. Brown*, Guernsey C.P No.14-OG-276, Entry, April 20, 2015, p. 2.  The trial court issued no further findings nor did it rule on any other issues. Appellants filed a timely appeal to this court.

{¶5}   We reversed the trial court holding that:

> We therefore conclude the doctrine of res judicata does not bar the filing of the complaint in the present case. The Brown Quiet Title Action is not binding or enforceable against appellant. The action never cleared the title as to the named defendants who at the time were not the record holders of the subsurface rights in question. Therefore, the judgment is subject to collateral attack by appellant.

*Mid-Ohio Coal Co. v. Brown*, 5th Dist. Guernsey No. 15CA00012, 2015-Ohio-5111, ¶ 31

{¶6}   After the case was remanded to the trial court, appellee filed a motion for summary judgment on March 22, 2017 contending there were no genuine issues of material fact remaining to be decided and that the case could be decided by the

---

[1] Several parties were dismissed from the proceedings, some did not oppose the appellee's motion for summary judgment and two who opposed summary judgment did not participate in this appeal.

interpretation of the Linkhorn deed. Appellee attached the affidavit and report of their expert, Robert T. Erhard, who traced the title of the property from Jesse and Sarah Linkhorn's deed recorded in 1882. Mr. Erhard prepared a Certificate of Title and Opinion dated February 27, 2017 and concluded that the fee simple title to the oil and gas interests at issue in this case was vested in appellee. On April 19, 2017, appellants filed their memorandum contra and, on April 26, 2017, appellee filed its reply. On June 21, 2017, appellants requested that the court consider their memorandum contra a motion for summary judgment and, by agreed entry dated June 28, 2017, the court ordered that the memorandum contra was deemed as the appellants' motion for summary judgment and that appellee's existing briefing would constitute its brief in opposition to appellants' cross motion for summary judgment.

{¶7} On August 3, 2017, the trial court issued its entry granting appellee's motion for summary judgment "on all counts of its complaint" and entered "an order declaring that Mid-Ohio owns and is vested with all right, title and interest in and to the subsurface and the estate to the exclusion of the defendant's interest as they may appear of record."

{¶8} Appellants filed their notice of appeal on August 29, 2017 and included one assignment of error:

{¶9} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE IN FINDING THE LINKHORN DEED CONVEYED ALL SUBSURFACE RIGHTS TO GRANTEE.

**STANDARD OF REVIEW**

**{¶10}** Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987).

**{¶11}** Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

**{¶12}** The parties concede there are no genuine issues of material fact remaining for trial in this case and both sides agree the resolution of this case is contingent upon interpretation of the Linkhorn deed.  Appellants ask that we review the deed and the documents attached to appellee's motion for summary judgment and conclude that the Linkhorn's intended to transfer only an interest in "stone coal" and no other minerals. Appellee agrees that this case should be resolved by the construction of the Linkhorn deed, but that we should conclude that the Linkhorn deed transferred titled to all minerals save stone and water.

**{¶13}** Under a de novo review of the Linkhorn deed, an appellate court may interpret the language of the written instrument, substituting its interpretation for that of the trial court. *Children's Medical Center v. Ward*, 87 Ohio App.3d 504, 622 N.E.2d 692 (2nd Dist.1993). Written instruments "are to be interpreted so as to carry out the intent of

the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. "The principles of deed construction dictate that a court presumes that a deed expresses the intentions of the grantor and grantee at the time of execution. "* * *A court cannot interpret the parties' intent in a manner contrary to the clear, unambiguous language of the deed.* * *" *American Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007–Ohio–7199, 882 N.E.2d 463, (7th Dist.) ¶ 50. As explained by the Supreme Court of Ohio in *Pure Oil Co. v. Kindall*, 116 Ohio 188, 202–203:

> It is, of course, the general rule in the construction of deeds, that in case of ambiguity the instrument must be construed most strongly against the grantor and in favor of the grantee. 2 *Tiffany on Real Property (2d Ed.)* 437: 'The courts, in connection with the construction of written conveyances, as of other instruments, have asserted some general rules of construction, to aid in ascertaining the intention of the parties thereto.

### *ANALYSIS*

**{¶14}** In support of their motion for summary judgment, Appellees provided the affidavit and report of their expert, Robert T. Erhard, who completed an exhaustive review of the records, traced the interest received by the Akron and Cambridge Coal Company through the Linkhorn deed, and concluded that the deed conveyed all mineral rights and that appellee now hold title to those interests. Mr. Erhard concluded appellants hold only rights to the surface of the property as well as the stone and water privileges reserved by the Linkhorn deed. Appellants disagree and contend that coal was the only mineral conveyed by the Linkhorn deed.

**{¶15}** In September 1882 Jesse and Sarah Linkhorn delivered a deed to the Akron and Cambridge Coal Company and recorded the same with the Guernsey County Recorder. Relevant to this case is the following language from the deed:

Know all men by these presents: that we Jesse Linkhorn and Sarah Linkhorn the grantors, for the consideration of thirty-nine hundred dollars ($3900.00) received to our full satisfaction of the Akron and Cambridge Coal Company the grantees do give grant bargain sell and convey unto the said grantee its successors and assigns the following described premises situated in the Township of Jackson, County of Guernsey and State of Ohio and known as the Southeast quarter of the northeast quarter and the southeast quarter of Section Six (6) township one and range two (2). Excepting that part of the same south west of the (illegible) of Wills Creek. Also excepting one half an acre formerly a school house lot now owned by Mary J Hildebrandt containing 198 acres. But reserving to said grantors their heirs and assigns all the surface of said land including stone and water privileges on or under the same excepting stone coal. Provided that if said grantee should need any hard surface of said land for coal or other minerals there under it shall take and use what is necessary therefore and shall at once pay said first party his heirs and assigns therefore at the rate of $40.00 per acre and provided further that any damage that grantee may do to the surface of aforesaid by reason of the mining of said stone coal shall be paid for by the grantor at the rate of $40 per acre as liquidated damages be the same more or less but subject to all legal highways. To have and to hold

the above granted and bargained premises with the appurtenances thereto belonging unto the said grantor it successors and assigns forever. And we the said grantors do for ourselves and our heirs executors and administrators covenant with the said grantee its successors and assigns that at and until the ensealing of these presents we were well seized of the above described premises as a good and indefeasible estate in fee simple and have good right to bargain and sell the same in manner and form as above written that the same are free and clear from encumbrances whatsoever and that we will warrant and defend said premises with the appurtenances thereunto belonging to the said grantee it successors and assigns forever against all lawful claims and demands whatsoever.

{¶16} The resolution of this dispute rests upon the interpretation of this language in the deed.

{¶17} Appellee has described the various conveyances from 1882 to date in its brief and filed an affidavit and report of its expert, Robert T. Erhard. We will not reproduce that recitation within this opinion, but because appellants did not file an opposing report, we accept the conclusions of the Erhard report regarding the conveyances and give them due consideration in our analysis.

{¶18} In the 1882 deed the Linkhorns represented that they were "***well seized of the above described premises as a good and indefeasible estate in fee simple and have good right to bargain and sell the same any manner and form as above written, that the same are free and clear from encumbrances whatsoever and that we will warrant and defend said premises with the appurtenances thereunto belonging to the said grantee

***." The parties to this action are not disputing the Linkhorns representation, so it is clear the Linkhorns held a fee simple, "the highest right, title and interest that one can have in land. It is the full and absolute estate in all that can be granted." (Citations omitted.) *Masheter v. Diver*, 20 Ohio St.2d 74, 78, 253 N.E.2d 780, 783 (1969). This title, therefor, included gas, oil, coal, stone, water, and any mineral as well as the right to use or convey the property.

{¶19}  By the deed, the Linkhorn's did "give, grant, bargain, sell and convey" to the grantee, its successors and assigns, the property described within the deed. On the date of the execution of this deed, the common law rule required "appropriate words of perpetuity" to convey fee simple title and the term "successors" and assigns" satisfies that requirement. *First New Jerusalem Church of Lakewood v. Singer,* 68 Ohio App. 119, 123, 34 N.E.2d 1007 (8th Dist.1941); *Schurch v. Harraman*, 47 Ohio App. 383, 387, 191 N.E. 907 (3rd Dist.1933)   The Linkhorn deed does contain exceptions and reservations, so the Linkhorn's conveyed a fee simple estate, subject to those express limitations and reservations.

{¶20}  The Linkhorn's excepted specific portions of the property from the grant and reserved to themselves, their heirs and assigns "all the surface of said land including stone and water privileges on or under the same".

{¶21}  The Linkhorn's reservation to themselves is subject to a further exception, "stone coal." Consequently, with the exception of the those portions of the property excepted from the transfer, the surface of all of the property, stone and water privileges on or beneath the same, all of the Linkhorn's interest and rights regarding this parcel were transferred to Cambridge and Akron Coal in their 1882 deed, coal, gas and oil included.

{¶22} Appellants' argument characterizes the deed as an attempt by the Linkhorns to transfer only mineral rights, but we cannot accept their rational or the precedent they submit as it would require us to alter the clear and unambiguous language of the deed. *American Energy Corp.,* supra. The Linkhorn deed is distinguishable from the deeds in appellants' submitted authority because it transfers fee simple and reserves rights to the grantor. Cambridge and Akron Coal received a fee simple title subject only to the exceptions or reservations expressed by the Linkhorn's, and the Linkhorns did not reserve the rights to gas, oil or any other substance save stone and water. The precedent cited by appellants' addresses interpretation of clauses reserving, granting or defining mineral or mineral rights, an analysis made unnecessary by the Linkhorn's granting of a fee simple title.

{¶23} In *Stocker & Sitler, Inc. v. Metzger*, 19 Ohio App.2d 135, 136, 250 N.E.2d 269, 270 (5th Dist.1969) the trial court interpreted a reservation of mineral rights in a deed:

> Excepting there is reserved unto said grantors, all the veins of coal and other substances of value underlying said above conveyed premises, together with all necessary rights of way and privileges of entry thereon to remove same, unto them, their heirs and assigns forever.

{¶24} The Court found that this phrase included oil and gas and held that the oil and gas was not transferred. In the case sub judice there is no such reservation, nor is there any language that suggest that the parties intended to reserve the rights to oil and gas or any estate, with the exception of the surface, water and stone.

{¶25} In *Hardesty v. Harrison*, 6 Ohio Law Abs. 445, 446 (5th Dist.1928) the deed transferred "all the coal, clay and mineral rights" and the trial court found this description

included oil and gas. Id at 446.  In the matter before this court, the deed does not expressly reference minerals in the granting clause.  The deed conveyed fee simple title subject to the exception of certain portions of property and the reservation to the grantors of use of the surface, water and stone.  The mineral referenced, stone coal, is described in an exception to the reservation of stone and is not part of the granting language.

{¶26} We held in *Hardesty, supra,* that "[a] grant without qualifying or limiting words of the minerals underlying certain real estate will include oil and gas." *Id.* at 446. The Linkhorn deed contains no such qualifying language, so we must construe the deed to include oil and gas.  And while the Linkhorn's conveyance might be convoluted, "[a]ny ambiguity which exists in the reservation the deed must be construed most strongly against the grantor who made the reservation." *Belden v. Thomas,* Tuscarawas County, Case No. 1148, Aug. 5, 1975, unreported, Pg. 12, as cited in *Muffley, by Double v. M.B. Operating Co.*, 5th Dist. Stark No. CA-6910, 1986 WL 12348, *2 (Oct. 27, 1986).

{¶27} *Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 340 (6th Cir.1976) addressed confusion regarding the reference to coal deposits in a deed and *Jividen v. New Pittsburg Coal* Co., 45 Ohio App. 294, 295, 187 N.E. 124 (4th Dist.1933) addressed a clause that "reserve[d] all coal and other mineral" in the premises and whether the term "mineral" in the deed referenced gas and oil.  These cases are distinguishable on their facts as there is no need to interpret the term mineral as it appears in the Linkhorn deed. The word appears only in the reservation language and "[a]ny ambiguity which exists in the reservation the deed must be construed most strongly against the grantor who made the reservation." *Muffley, supra.*

**{¶28}** Likewise, *Gordon v. Carter Oil Co.,* 19 Ohio App. 319, 320, 3 Ohio Law Abs. 43 (5th Dist.1924) is inapposite as it addresses a transfer of "[a]ll the coal and other minerals under the surface of the following real estate: [Here eighty acres of land are described]." The court in that case addressed whether gas and oil were included in the conveyance, whereas, in this case, the deed conveyed a fee simple and the trial court correctly determined that gas and oil were not reserved by the grantor.

**{¶29}** The more recent decision in *Sheba v. Kautz,* 7th Dist. Belmont No. 15 BE 0008, 2017-Ohio-7699, ¶ 3, appeal not allowed, 152 Ohio St.3d 1422, 2018-Ohio-923, 93 N.E.3d 1004, (2018) is not helpful to appellant's cause as that court was tasked with deciding whether a reservation of "coal and mineral privileges" included gas and oil. The Linkhorns reserved only water and stone privileges and excepted coal from the reservation. Aside from those reservations, the Linkhorn deed conveyed to Cambridge and Akron Coal a fee simple title to the land, gas and oil included.

**{¶30}** Appellant argues that continued reference to coal or minerals in the chain of title as well as any lack of reference to gas and oil should be viewed as persuasive evidence that the Linkhorns did not intend to convey gas and oil in their deed. The granting language of the deed is a clear and unambiguous conveyance of fee simple. The reservation language does not include gas and oil, so we are restricted to reviewing the language of the deed and may not resort to the extrinsic evidence promoted by appellants. "* * *A court cannot interpret the parties' intent in a manner contrary to the clear, unambiguous language of the deed.* * *" *American Energy Corp.,* supra.

**{¶31}** Appellant's attempt to interpret the language of the deed as transferring only rights to coal is a strained and unsupportable interpretation of the deed. Coal or "stone

coal" as it is referenced in the deed is only included as an exception to the grantor's reservation to themselves and cannot be interpreted as a part of the granting language. We cannot construe this deed as a transfer of mineral rights only but, instead, must find it a conveyance of a fee simple estate subject to the reservation of surface rights as well as stone and water privileges. "A deed of real property which conveys a fee-simple estate in the granting and habendum clauses" but contains a provision exception the surface, stone and water, conveys all other rights and interests in the land, including oil and gas. *Anderson v. Pryor*, 51 Ohio App. 35, 199 N.E. 364, syllabus (5th Dist.1935).

{¶32} For the reasons set forth above, we overrule appellant's sole assignment of error and affirm the decision of the Guernsey County Court of Common Pleas.

{¶33} All costs assessed to appellants.

By: Baldwin, J.

Gwin, P.J. and

Earle Wise, J. concur.