## JIVIDEN v NEW PITTSBURG COAL CO

Ohio Appeals, 4th Dist, Meigs Co

Decided May 12, 1933

Henry W. Cherrington, Gallipolis, for plaintiff.

A. D. Russell, Pomeroy, for defendant.

**OPINION**

By BLOSSER, PJ.

The rights of the parties involve a construction of the language used in the deed of the Thomases to Jasper F. Jividen, and the meaning of the same must be gathered from the words used, in the light of the facts and surrounding circumstances of the parties at the time of the execution and delivery of the deed. The plaintiff contends that at that time there was no oil or gas development on the property, and none in the immediate vicinity; that there was at that time a coal mine in operation on the premises; that with the exception of agriculture the principal industry in that vicinity and county was coal mining; that the easements excepted were those usually considered necessary for the mining of coal, and that there were no exceptions of any rights or easements in the conveyance ordinarily considered necessary to the drilling and production of oil or gas.

The authorities are in conflict as to whether or not the word "minerals" includes petroleum oil and natural gas. In Ohio the rule is that taken in its broadest sense the term "other minerals" includes such oil. **Detlor v Holland, 57 Oh St, 492, 504, 49 NE, 690, 40 L.R.A., 266.** The general rule is that the term includes oil and gas. Barker v Campbell-Ratcliff Land Co., 64 Okla., 249, 167 P., 468, L.R.A., 1918A, 487; Hudson v McGuire, 188 Ky., 712, 223 SW, 1101, 17 A.L.R., 148, 156, note.

The position of the plaintiff that the development of oil and gas was not contemplated by the parties when the deed was made, and therefore the deed should not be construed to include them, is weakened and cannot be maintained by reason of the clause in the deed, "This deed to convey the surface only." The plaintiff seeks to assert her right by reason of language used in the deed that is uncertain as to its scope, while the defendant asserts its right by reason of prior language in the conveyance that is clear and unambiguous. By reason of this language the surface only was conveyed, and all of the remainder of the property was retained by the grantor. It is true the grantor by express terms reserved all the coal and other minerals, but this was not necessary, as they had not been conveyed by the instrument which conveyed the surface only. The express right to mine, haul through, sink air shaft, and extend a switch, contained in the conveyance, are reservations not inconsistent with the right to the use of the surface for the development of oil and gas. No express reservation of the right to drill for oil and gas was necessary as that right was implied. **Chartiers Oil Co. v Curtiss, 14 C.C. (N.S.), 593, 24 C.D., 106,** affirmed by the Supreme Court without report, **Curtiss v Chartiers Oil Co., 88 Oh St, 594, 106 NE, 1053.**

The case of Detlor v Holland, supra, and other cases cited and relied on by the plaintiff, do not contain similar language as to the amount or quantity of the estate granted, and are not applicable to the facts in the instant case.

By the language used by the grantor in this conveyance there was a severance of the surface from the mineral rights. The right of severance is recognized in Ohio and elsewhere. **Sloan v Lawrence Furnace Co.,** 29 Oh St, 568; Chartiers Oil Co. v Curtiss, supra; 29 A.L.R., 586 (annotation); 40 Corpus Juris, 969.

The facts in this case are not seriously in dispute. The parol evidence indicates that at the time of the execution and delivery of the deed from the Thomases to Jividen, the chief industries in the vicinity of the land in question were farming and coal mining, yet there was some development of oil and gas. Several wells had been drilled and were being operated at that time. The larger development came some years later, but at the time the deed was made oil leases were extensively taken in that vicinity and several thousands of acres of land were under lease for that purpose. As we construe the language of the deed, and in view of the parol evidence, there is nothing inconsistent in the language used by the grantor in the conveyance with the right of the defendant to the development of the oil and gas underlying the land in question; and even if there had been no evidence of oil or gas development, the plaintiff could not prevail, because of the clause in the deed conveying the surface only.

We find the issues in favor of the defendant, and the petition will be dismissed at plaintiff's costs.

Decree for defendant.

MIDDLETON and MAUCK, JJ, concur.