SHELL OIL CO., Inc., v. MANLEY OIL CORPORATION et al.

No. 7715.

Circuit Court of Appeals, Seventh Circuit.

Dec. 3, 1941.

Rehearing Denied Jan. 23, 1942.

John C. Quilty, of Centralia, Ill., and Fred H. Kelly and Craig Van Meter, both of Mattoon, Ill., for appellant.

Thos. J. Layman and Wm. B. Johnson, both of Benton, Ill., for appellees.

Before EVANS, MAJOR and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The question we are asked to decide on this appeal is whether the conveyance of the "surface only" of a described tract of land subject to coal rights theretofore conveyed, grants also the oil and gas rights under said tract of land, or whether the oil and gas rights remained in the grantor.

Thomas M. McKemie and wife made a deed in 1907 to Walter S. Mooneyham, conveying to him the "surface only" of two acres therein described land in Franklin County, Illinois, subject to a deed theretofore made to Benton Coal Company of the coal rights under the land. This land came by mesne conveyance to John C. Shoemate who, joined by his wife, Florence Shoemate, leased the oil and gas rights to the defendant-appellee, the Manley Oil Corporation. Those claiming through Thomas McKemie and his wife to the oil and gas under the land, notwithstanding the deed of the McKemies to Mooneyham in 1907, made a lease of oil and gas rights to one Adkins, who assigned the lease to Shell Oil Company, the plaintiff-appellant, who brought a suit against Manley Oil Corporation, to enjoin it from drilling for oil and gas upon this land. Judgment for the Manley Corporation led to this appeal.

The essential parts of the above-mentioned deed read as follows:

"The grantors, Thomas M. McKemie and Lou McKemie his wife * * * Convey and Warrant to Walter S. Mooneyham * * * the following described Real Estate, to wit: the surface only of a tract of land described as follows, * * * This deed is made subject to a certain deed to the Benton Coal Company recorded in Deed Record 45 page 10. * * *"

The decision in this case turns upon the proper construction of this deed. What did the grantors mean by the words "surface only"? Are these words ambiguous, and is the intent of the parties obscure by reason thereof? Courts are not authorized to make contracts for the parties, but must construe them as written, and where plain, common words are used in their ordinary meaning, they must be accepted in that sense. In the Supreme Court of Illinois in Englestein v. Mintz, 345 Ill. 48-60, 177 N.E. 746, 752, the Court said:

"In construing a contract the words used must be given their well-recognized, ordinary meaning, unless it appears from the context of the contract or from the explanation of some ambiguity therein that such was not in accordance with the intent of the parties."

The word "only" is a limiting and restrictive term which qualifies the word "surface," and in that sense means "solely" or the equivalent of the phrase "and nothing else." Moore v. Stevens, 90 Fla. 879, 106 So. 901, 902, 43 A.L.R. 1127. And so the word "only" as used in connection with the word "surface" limits and restricts the word to nothing else but "surface."

We are of the opinion that these words have a well-defined meaning and are not ambiguous, and that it was not proper to receive evidence to interpret the meaning of these plain and ordinary words used in clear and unmistakable manner. See Keweenaw Ass'n v. Friedrich, 112 Mich. 442, 70 N.W. 896; Dolan v. Dolan, 70 W. Va. 76, 73 S.E. 90, Ann.Cas.1913D, 125.

We proceed to the consideration of the meaning of the words "surface only" as used in the deed. The law of Illinois seems to be clear that there may be a severance of the estate in surface from the estate in subsurface. Threlkeld v. Inglett, 289 Ill. 90, 124 N.E. 368; Renfro v. Hanon, 297 Ill. 353, 130 N.E. 740; Lloyd v. Catlin Coal Company, 210 Ill. 460, 71 N.E. 335.

The authorities seem also to recognize the right of severance to extend to as many strata as there may be in the subsurface. Smoot v. Consolidated Coal Co., 114 Ill.

App. 512-514; Gill v. Fletcher, 74 Ohio St. 295, 78 N.E. 433, 113 Am.St.Rep. 962; Knight v. Indiana Coal Co., 47 Ind. 105, 17 Am.Rep. 692; Lillibridge v. Lackawanna Coal Co., 143 Pa. 293, 22 A. 1035, 13 L.R.A. 627, 24 Am.St.Rep. 544.

In the case at bar there had been a severance of the coal in the deed to the Benton Coal Company, and the deed in question was made "subject to" the coal rights granted to Benton Coal Company. The insertion of the words "subject to a certain deed to the Benton Coal Co." were used to protect the grantors on their warranty. This did not amount to a reservation of coal rights. Grantors had no coal rights to reserve; they had already been conveyed.

"The words 'subject to,' used in their ordinary sense, mean 'subordinate to,' 'subservient to' or 'limited by.' There is nothing in the use of the words 'subject to,' in their ordinary use, which would even hint at the creation of affirmative rights." Englestein v. Mintz, supra.

■ The grantors by their deed to the Benton Coal Company had severed the coal rights from their other interest in the land. Therefore, when they made their deed to Mooneyham, they had surface and subsurface rights, except coal, to grant. There can be no doubt of the right of the grantors to sever the surface from the remainder of the subsurface rights. We think they selected apt, clear and definite words to describe the estate they were granting to Mooneyham. The grantors used the words "surface only" as the subject of the conveyance. They were not selling anything but "surface," and by "surface" we mean the super-incumbent land imposed upon the minerals, and all of the right to use the surface for such ordinary uses as may be made thereof, with the right to use as much of the subsurface as may be necessary for the customary and ordinary uses of the surface, just as the owner of the subsurface estate has a correlative right to use the surface in order to develop the subsurface rights. Morrison's Mining Rights, 16th Ed., page 297.

The exact question presented by this case has never arisen in Illinois, as far as we can ascertain. In the State of Ohio, in the suit of Jividen v. New Pittsburg Coal Co., 45 Ohio App. 294, 187 N.E. 124, 125, the court construed the exact words used in the deed in the case at bar, namely, "surface only" when these words were used as the subject of conveyance. The court said:

"The position of the plaintiff that the development of oil and gas was not contemplated by the parties when the deed was made, and therefore the deed should not be construed to include them, is weakened and cannot be maintained by reason of the clause in the deed, 'This deed to convey the surface only.' The plaintiff seeks to assert her right by reason of language used in the deed that is uncertain as to its scope, while the defendant asserts its right by reason of prior language in the conveyance that is clear and unambiguous. By reason of this language the surface only was conveyed, and all of the remainder of the property was retained by the grantor. It is true the grantor by express terms reserved all the coal and other minerals, but this was not necessary, as they had not been conveyed by the instrument which conveyed the surface only."

■ The District Court for the Northern District of Illinois in Marquette Cement Mining Co. v. Oglesby Coal Co., 253 F. 107-111, defined the word "surface" in these words:

"The word 'surface' in mining controversies means that part of the earth or geologic section lying over the minerals in question, unless the contract or conveyance otherwise defines it."

We therefore hold that the deed was not ambiguous and that by the use of the words "surface only" grantors were using them as the subject of conveyance, and as such they had a definite, certain meaning, that is, the top of the soil for its ordinary and usual uses.

The appellee has relied heavily upon the case of Ramage v. South Penn Oil Company, 94 W.Va. 81, 118 S.E. 162, 31 A.L.R. 1509. The state of the law in West Virginia is not as clear as it might be.

In Williams v. South Penn Oil Co., 52 W.Va. 181, 43 S.E. 214, 60 L.R.A. 795, the Court had under consideration a deed of "all the surface of the said one hundred and eighty acres," reserving the coal but not mentioning the oil and gas. The court said:

"There can be no question but that the word 'surface' has a definite certain meaning; that it is that portion of the land which is or may be used for agricultural purposes, for plowing, grazing, etc., and that a conveyance of the surface of a tract of land as completely severs the surface from the various strata beneath it as the

conveyance of the coal, iron, limestone, or any other specified stratum or interest in the land conveys a separate estate."

In Dolan v. Dolan, 70 W.Va. 76, 73 S. E. 90, Ann.Cas. 1913D, 125, the court was construing a will which gave the surface to the son and the coal underneath to the daughter, and the question was who got the oil and gas. The court approved the Williams case and the definition of "surface" contained therein, but found words in the will and the circumstances surrounding the parties that gave a more liberal scope to the word "surface," and held that the devise of the surface to the son carried the oil and gas with it.

The Ramage case [94 W.Va. 81, 118 S. E. 163, 31 A.L.R. 1509] was construing a deed that conveyed "all that surface of a certain tract, etc." reserving oil and gas. The question was: Did the conveyance of the surface in a deed reserving the oil and gas carry with it the coal? The court overruled the Williams case and disapproved the Dolan case as far as it approved the Williams case, and held that the word "surface" in such a case did not have a definite and certain meaning, and when "land is purchased, with the exception of the oil and gas, the purchase includes, not merely the surface, but the whole of the subsoil, including coal and all other minerals, save the excepted oil and gas; in other words, it includes all the land not excepted." However, the Ramage case admits that where "surface" is used as the subject of the conveyance, the situation is different. On this point the court said: "It may be that if the word 'surface' is used as the subject of conveyance, 'without more,' that is, without any express reservation, then the word 'surface' would carry all the solum, or soil, except the minerals."

In the later case of Drummond v. White Oak Fuel Co., 104 W. Va. 368, 140 S.E. 57, 56 A.L.R. 303, the Ramage case is interpreted as confined to the narrow ground of where a deed of surface has also a reservation of some other subsurface estate. In that case, surface has a secondary meaning and carries with it the subsurface not reserved. It also points out the distinction where the "surface" is the subject of conveyance.

Since the Illinois courts have not passed upon this question, we accept the rule as set forth in the Jividen case from Ohio rather than the Ramage case from West Virginia.

The appellees had no interest in the oil and gas because their predecessors in title had no interest in the subsurface, and the appellant who owned the rights to the oil and gas below the surface was entitled to enjoin the appellees from drilling upon the land in question.

The case is reversed, with instructions to proceed in accordance with this opinion.