[Cite as *Faith Ranch & Farms Fund, Inc. v. PNC Bank, Natl. Assn.*, 2023-Ohio-3608.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

FAITH RANCH AND FARMS FUND, INC.,

Plaintiff-Appellee,

v.

PNC BANK, NATIONAL ASSOCIATION, ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 23 HA 0001, 23 HA 0002**

---

Civil Appeals from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH 2021-0062

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Michael G. Simon* and *Atty. Carl A. Frankovitch*, Frankovitch, Anetakis, Simon, Decapio & Pearl, LLP, 337 Penco Road, Weirton, West Viriginia,  26062 for Plaintiff-Appellee Faith Ranch and Farms Fund, Inc. and

*Atty. Charles L. Kidder* and *Atty. Steven R. R. Anderson*, Kidder Law Firm, LLC, 5131 Post Road, Suite 101, Dublin, Ohio  43017, for Defendants-Appellants Sidney Turner, Michele M. Lazzaro, Esq., Trustee, and Marilyn Stolz and

*Atty. Edward M. Janis*, Edward M. Janis Co., LPA, 24500 Center Ridge Road, Suite 170, Westlake, Ohio  44145 for Defendants-Appellants James M. Roller and Laurie Edna Evanko.

Dated:  October 3, 2023

_____

**HANNI, J.**

**{¶1}**   Defendants-Appellants, Sidney Turner, Michele M. Lazzaro, Esq., Trustee of the Sidney Turner Trust created by the Last Will and Testament of Virginia Fay Mayer, and Marilyn Stolz, individually and as Successor Trustee of the Virginia Fay Mayer Trust, as Modified January 21, 2011, along with Defendants-Appellants, James M. Roller and Laurie Edna Evanko, individually, and as Successor Trustee of The Frederick Roller Revocable Trust dated October 18, 2012, appeal from a Harrison County Common Pleas Court judgment granting summary judgment in favor of Plaintiff-Appellee, Faith Ranch and Farms Fund, Inc., and determining Appellee is the owner of oil and gas rights underlying certain property in German and Rumley Townships.

**{¶2}**   This case involves the disputed ownership of oil and gas rights underlying 11 parcels of land (the Subject Parcels) owned by Appellee.  At issue is whether the oil and gas was excepted and reserved from the conveyance of the Subject Parcels by a deed dated November 9, 1953, from C.C. Fay and Agnes B. Fay to Judson Rosebush (the 1953 Deed).  Appellee is the successor-in-interest to Rosebush.  Appellants are the heirs of the Fays.

**{¶3}**   The 1953 Deed contains the following reservation (the Reservation):

EXCEPTING AND RESERVING to the Grantor from the lands herein conveyed all the coal below the horizon of the No. 8 coal, if any under vein exists thereunder, *and other minerals*, with the right to mine and remove such coal *or other minerals* of any vein, using any convenient underground mining methods, and to transport coal *and minerals* from other premises through and under the surface of said lands; and particularly reserving the seam of coal, if any, now being mined at the Nelm's mine of the Y.&O. Coal Company, near Unionvale, Ohio, with all mining rights necessary or convenient for the mining and removal thereof, and the right to transport other coal of the same vein under said lands.

(Emphasis added).

Case Nos. 23 HA 0001, 23 HA 0002

{¶4}   In May 2021, Appellant Marilyn D. Stolz, one of the successors to the Fay estate, filed a claim to preserve a mineral interest.  Appellee then sought a declaration that it is the owner of the oil and gas underlying the Subject Parcels and sought to quiet title in its name.  Subsequently, Appellants filed a motion to dismiss, asserting the 1953 Deed included oil and gas in the Reservation.  The trial court denied Appellants' motion to dismiss finding the language of the Reservation was not clear and unambiguous that the Reservation included oil and gas.

{¶5}   The parties next filed competing motions for summary judgment.  The trial court found that the Reservation clearly and unambiguously reserved coal and other minerals obtained by mining.  The court found no language that would broaden the Reservation to include oil and gas.  It noted that the Reservation only used terms conducive to underground mining of coal and minerals.  And it pointed to the absence of any reference to surface reservation or drilling.  Based on its findings, the trial court granted Appellee's motion for summary judgment, overruled Appellants' motion for summary judgment, and quieted title to the oil and gas underlying the Subject Parcels in Appellee.

{¶6}   Appellants Stolz, Turner, and Lazzaro filed a timely notice of appeal on January 12, 2023.  Appellants Roller and Evanko filed a timely notice of appeal on January 19, 2023.  This Court consolidated the two appeals.

{¶7}   Appellants now raise two assignments of error.  Because the assignments of error share a common basis in law and fact, we will address them together.

{¶8}   Appellants' first assignment of error states:

THE TRIAL COURT ERRED BY GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

{¶9}   Appellants' second assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANTS-APPELLANTS' MOTION FOR SUMMARY JUDGMENT.

{¶10} Appellants argue the trial court correctly found that the Reservation language was unambiguous but incorrectly found that the term "other minerals" did not

include oil and gas. They argue the words "other minerals" as used in the Reservation is presumed by case law to include oil and gas. Under this presumption, Appellants argue, the case at hand must be evaluated to determine if the parties intended to include those interests.

{¶11} An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko,* 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher,* 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C).

{¶12} The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.,* 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

{¶13} In examining whether the phrase "other minerals" in a deed reservation includes oil and gas, this Court has recently stated:

> It is clear from this line of cases that we are now to begin our analysis with a presumption that the phrase "other minerals" includes oil and gas interests. With that in mind, it must then be determined if the deed demonstrates whether the parties intended to include oil and gas interests. If the deed is ambiguous, then the parties are permitted to introduce extrinsic evidence to demonstrate the parties' intent.

Case Nos. 23 HA 0001, 23 HA 0002

*O'Bradovich v. Hess Ohio Developments, LLC*, 7th Dist. No. 20 JE 0007, 2021-Ohio-1287, ¶ 26.

{¶14} Thus, based on our prior case law, we begin our analysis here with the presumption that "other minerals" includes oil and gas.

{¶15} Next, we must examine the language of the 1953 Deed to determine if it demonstrates the parties' intent to either include or exclude oil and gas interests. In so doing, *O'Bradovich* instructs us to "look to whether the easement language includes language that may be relevant to the extraction of oil and gas." *Id*. at ¶ 27.

{¶16} The Reservation contained language suggesting that "other minerals" does not include oil and gas. It refers to the "right to mine" and using "mining methods" as the means of removing the coal and other minerals. It also refers to "vein", as is used in reference to coal as opposed to oil and gas. Significantly, it does not refer to a right to "drill", as would be used to remove oil and gas. In *O'Bradovich*, in finding that "other minerals" included oil and gas, this Court found significant that the word "drilling" was used in the reservation easement demonstrating an intent to include oil and gas. *Id.* at ¶ 29. We noted that "this language is also consistent with *Detlor [v. Holland*, 57 Ohio St. 492, 49 N.E. 690 (1898)], which specifically remarked on the absence of the word 'drilling.'" *Id.*

{¶17} In *Detlor*, 57 Ohio St. at 504, the Ohio Supreme Court found that where there was nothing to show that it was the parties' intention that oil should be included in the word "minerals," and the easements granted in connection with the mining right were not applicable to producing oil, then the term "minerals" did not include oil. In that case, the Court stated that if oil was intended to be included in the conveyance, "apt words would have been used to express such intention." *Id*. The Court was referring to words such as "derricks, pipe lines, tanks, the use of water for drilling, or the removal of machinery used in drilling or operating oil or gas wells." *Id*. at 503. In discussing *Detlor*, this Court has noted that: "On the one hand, the word 'mine' was used by the recent [*Chesapeake Exp., LLC v.*] *Buell* [, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185,] case in connection with an oil and gas case. On the other hand, this would not affect the intent of the parties to the deed *at the time the deed was drafted*." (emphasis sic); *Sheba v. Kautz*, 7th Dist. No. 15 BE 0008, 2017-Ohio-7699, 97 N.E.3d 893, ¶ 33.

**{¶18}** Given the above, we conclude the parties' intent was not clear from the language of the Reservation. "The purpose of contract construction is to discover and effectuate the intent of the parties." *Graham v. Drydock Coal Co.,* 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996). The Reservation language is open to interpretation. "Terms in a contract are ambiguous if their meanings cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations." *Tera, LLC v. Rice Drilling D., LLC,* 7th Dist. Belmont No. 21 BE 47, 2023-Ohio-273, ¶ 39.

**{¶19}** Because the Reservation language is ambiguous, we may look beyond the four corners of the document and consider parole evidence in order to determine the parties' intent. *Ramunno v. Murphy*, 7th Dist. Mahoning No. 15 MA 0203, 2017-Ohio-998, ¶ 45.

**{¶20}** Here, Appellee provided significant evidence of C.C. Fay's intent when drafting the Reservation. C.C. Fay had specifically included the reservation of oil and gas in multiple deeds within ten years prior to the drafting of the Deed and Reservation, in several nearby unrelated parcels. (Appellee's Ex. A-30, 43, and 56.).

**{¶21}** Particularly, in a 1940 deed, C.C. Fay conveyed a 61.37-acre tract of land to Harold Floyd Wilson. In the reservation contained within this deed, Fay stated:

> Reserving from the above described tracts of land all minerals, coal, *oil and gas* thereunder, with all rights of entry thereon or thereunder, the right to mine and remove the same, and to move other coal under said premises, be the same more or less, but subject to all legal highways.

(Emphasis added; Complaint Ex. A-30).

**{¶22}** And in 1944, C.C. Fay conveyed a 7.68-tract of land to John H. Zimmerman, which contained the following reservation:

> Excepting and reserving *coal and mineral rights* underlying said premises, with right to remove same, but not through surface area. *Reserving, also, the oil and gas rights, for drilling and removing.*

(Emphasis added; Complaint Ex. A-43).

**{¶23}** Yet again in 1944, C.C. Fay conveyed a 27.79-acre parcel to Clearfield Bituminous Coal Corporation, which contained this reservation:

Excepting and reserving *all the minerals, coal and oil and gas* that may underlie the aforesaid premises, if any, with all rights necessary and convenient for the mining and removal thereof through or under the surface herein conveyed.

(Emphasis added; Complaint Ex. A-56).

**{¶24}** Based on the language C.C. Fay chose to use in his previous reservations, it is reasonable to conclude that C.C. Fay possessed the knowledge to decisively include or not include the specific words "oil and gas" in drafting the reservations in the deeds he conveyed.

**{¶25}** The trial court here found that the Reservation language unambiguously did not include oil and gas and, therefore, Appellee was entitled to summary judgment. While we disagree with the trial court's finding, we nonetheless agree with its decision granting summary judgment in favor of Appellee. "[A] reviewing court may affirm the trial court's judgment for reasons that are different from those used by the trial court." *DeLost v. Ohio Edison*, 7th Dist. Mahoning No. 10 MA 162, 2012-Ohio-4561, ¶ 15.

**{¶26}** Based on the above, we conclude summary judgment in favor of Appellee was proper*.* Accordingly, Appellants' assignments of error are without merit and are overruled.

**{¶27}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, J., concurs.

D'Apolito, P.J., concurs.

[Cite as *Faith Ranch & Farms Fund, Inc. v. PNC Bank, Natl. Assn.*, 2023-Ohio-3608.]

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, is affirmed. Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**