[Cite as *Faith Ranch & Farms Fund, Inc. v. PNC Bank, Natl. Assn.*, 2023-Ohio-4249.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

FAITH RANCH AND FARMS FUND, INC.,

Plaintiff-Appellee,

v.

PNC BANK, NATIONAL ASSOCIATION, ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 23 HA 0001, 23 HA 0002**

---

Motion to Certify a Conflict

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Michael G. Simon* and *Atty. Carl A. Frankovitch*, Frankovitch, Anetakis, Simon, Decapio & Pearl, LLP, for Plaintiff-Appellee Faith Ranch and Farms Fund, Inc. and

*Atty. Charles L. Kidder*, Kidder Law Firm, LLC, for Defendants-Appellants Sidney Turner, Michele M. Lazzaro, Esq., Trustee, and Marilyn Stolz and

*Atty. Edward M. Janis*, Edward M. Janis Co., LPA, for Defendants-Appellants James M. Roller and Laurie Edna Evanko.

Dated:  November 22, 2023

**PER CURIAM.**

**{¶1}**  Defendants-Appellants, Sidney Turner, Michele M. Lazzaro, Esq., Trustee of the Sidney Turner Trust created by the Last Will and Testament of Virginia Fay Mayer, and Marilyn Stolz, individually and as Successor Trustee of the Virginia Fay Mayer Trust, as Modified January 21, 2011, along with Defendants-Appellants, James M. Roller and Laurie Edna Evanko individually, and as Successor Trustee of The Frederick Roller Revocable Trust dated October 18, 2012, have filed motions asking this court to certify a conflict to the Ohio Supreme Court between this Court's judgment in *Faith Ranch & Farms Fund, Inc. v. PNC Bank, Natl. Assn.*, 7th Dist. Harrison Nos. 23 HA 0001, 23 HA 0002, 2023-Ohio-3608, and the Fourth District's decisions in *Wiseman v. Cambria Products Co.*, 61 Ohio App.3d 294, 572 N.E.2d 759 (4th Dist.1989) and *Jividen v. New Pittsburg Coal Co.*, 45 Ohio App. 294, 187 N.E. 124 (4th Dist.1933).

**{¶2}**  Appellants ask that we certify the following question:  "Whether the terms 'mine' and 'mining' unambiguously encompass oil and gas exploration in Ohio."

**{¶3}**  A court of appeals shall certify a conflict when its judgment is in conflict with the judgment pronounced upon the same question by any other court of appeals in the state of Ohio.  Section 3(B)(4), Article IV, Ohio Constitution.

**{¶4}**  In order to certify a conflict to the Ohio Supreme Court, we must find that three conditions are met:

> First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict *must* be "upon the same question."  Second, the alleged conflict must be on a rule of law-not facts.  Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

Case Nos. 23 HA 0001, 23 HA 0002

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993); (Emphasis sic.)

{¶5} Moreover, a motion to certify a conflict "shall specify the issue proposed for certification and shall cite the judgment or judgments alleged to be in conflict with the judgment of the court in which the motion is filed."  App.R. 25.

{¶6} In this case, we examined the Reservation language:

EXCEPTING AND RESERVING to the Grantor from the lands herein conveyed all the coal below the horizon of the No. 8 coal, if any under vein exists thereunder, and other minerals, with the right to mine and remove such coal or other minerals of any vein, using any convenient underground mining methods, and to transport coal and minerals from other premises through and under the surface of said lands; and particularly reserving the seam of coal, if any, now being mined at the Nelm's mine of the Y.&O. Coal Company, near Unionvale, Ohio, with all mining rights necessary or convenient for the mining and removal thereof, and the right to transport other coal of the same vein under said lands.

{¶7} Appellants argued the trial court incorrectly found on summary judgment that the term "other minerals" did not include oil and gas.  We began our analysis with the presumption that the phrase included oil and gas.  *Faith Ranch*, 2023-Ohio-3608, at ¶ 14.

{¶8} We next examined the Reservation language to determine if it demonstrated the parties' intent to either include or exclude oil and gas interests.  *Id.* at ¶ 15.  We followed the instruction in *O'Bradovich v. Hess Ohio Developments, LLC*, 7th Dist. No. 20 JE 0007, 2021-Ohio-1287, at ¶ 27, to "look to whether the easement language includes language that may be relevant to the extraction of oil and gas."  *Id.*  In doing so, we found the Reservation's language suggested that "other minerals" did not include oil and gas.  *Id.* at ¶ 16.  We noted that it used terms relating to coal extraction, such as the "right to mine", "mining methods", and "vein".  *Id.*  We also pointed out that the Reservation did not refer to a right to "drill" as would be used to remove oil and gas.  *Id.*  We relied in part on *Detlor v. Holland*, 57 Ohio St. 492, 49 N.E. 690 (1898), which specifically remarked on the absence of the word "drilling" or similar terms, which would

be used for removing oil and gas, and instead only used terms that would be used for removing coal. *Id.* at ¶ 16-17.

**{¶9}** For these reasons, we determined that the parties' intent was not clear from the language of the Reservation. *Id.* at ¶ 18. Thus, we moved on to consider extrinsic evidence to ascertain the parties' intent. Based on this evidence, we determined it was reasonable to conclude that the grantor possessed the knowledge to decisively include or not include the specific words "oil and gas" in drafting the reservations in the deeds he conveyed. *Id.* at ¶ 24. Because he chose to leave those words out of the Reservation, we found summary judgment in favor of Appellee was proper. *Id.* at ¶ 26.

**{¶10}** Appellants assert that two Fourth District cases have held that the terms "mine" and "mining" unambiguously encompass oil and gas. This is not the case.

**{¶11}** In *Wiseman*, 61 Ohio App.3d 294, the Fourth District found the term "other minerals", as used in the reservation in question, included oil and gas. The trial court found the term "other minerals" only included solid minerals. *Id.* at 298. The Fourth District, however, reasoned that nothing in the reservation qualified or limited the term "other minerals." *Id.* at 299. The court found that its case was easily distinguishable from *Detlor*, *supra*, which included words relevant to mining for coal but did not include words relevant to drilling for oil and gas. *Id.* at 297, 299.

**{¶12}** And in *Jividen*, 45 Ohio App. 294, although the Fourth District touched on whether the phrase "other minerals" included oil and gas, that was not the determining issue in the case. In that case, the deed at issue stated: "This deed to convey the surface only." *Id.* at 296. The court found that by using this language, only the surface was conveyed and all of the remainder of the property, including the oil and gas, was reserved. *Id.*

**{¶13}** Thus, these cases are not in conflict with the present case. The reservations in those cases were not the same as the Reservation in the case at bar. Moreover, neither case held that the terms "mine" and "mining" unambiguously encompass oil and gas in every situation. Both cases relied on the specific language used in the reservations at issue.

**{¶14}** Because the judgments of the cases cited by Appellants are not in conflict with the judgment of this Court upon the same question, we must deny Appellants' motions.

**{¶15}** For these reasons, Appellants' motions to certify a conflict are hereby denied.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case Nos. 23 HA 0001, 23 HA 0002